[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Beasley,* Slip Opinion No. 2018-Ohio-16.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-16

THE STATE OF OHIO, APPELLEE, *v.* BEASLEY, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Beasley,* Slip Opinion No. 2018-Ohio-16.]

*Criminal law—No-contest pleas—Crim.R. 11—Trial court abused discretion in adopting blanket policy of refusing no-contest pleas—Defendant's failure to enter no-contest plea on record does not constitute waiver of claim of error when trial court informed defendant that it would not accept any plea of no contest—Defendant's conviction reversed and cause remanded for entry of new plea.*

(No. 2016-1020—Submitted May 16, 2017—Decided January 4, 2018.)

APPEAL from the Court of Appeals for Hamilton County,

No. C-150431, 2016-Ohio-1603.

_____

FRENCH, J.

{¶ 1} Defendant-appellant, Andrea Beasley, appeals the judgment of the First District Court of Appeals, which concluded that Beasley forfeited her right to

challenge the trial court's policy of refusing to accept no-contest pleas. We agree with the court of appeals that the trial court erred by adhering to such an arbitrary policy. But we also conclude that Beasley preserved the error for appeal. For the reasons below, we reverse the judgment of the court of appeals and remand the matter to the trial court to allow Beasley to enter a new plea in accordance with Crim.R. 11.

## FACTS AND PROCEDURAL HISTORY

{¶ 2} A Hamilton County grand jury indicted Beasley for possession of cocaine discovered during a traffic stop. Beasley filed a motion to suppress evidence of the cocaine on the grounds that the stop and search of her vehicle violated both the United States and Ohio Constitutions. Following a hearing, the trial court denied the motion.

{¶ 3} On the day of trial, Beasley and her attorney appeared before the trial court judge to enter her plea, with the prosecutor present. Before entering her plea, Beasley's attorney summarized on the record an earlier discussion that took place between the judge, prosecutor, and Beasley's attorney in the judge's chambers:

Judge, we had a conversation in chambers. My client wishes to plead no contest. But as this Court explained, the Court has a blanket policy [of] not accepting no contest pleas, and the Court will only accept a [plea of] guilty or not guilty.

The State has agreed to allow her to plead no contest, and we discussed the fact that my client wants to plead no contest to preserve her right to appeal the motion to suppress that was denied. But the Court reiterated that it has a policy of not accepting no contest pleas under any circumstances.

She does not dispute the facts of the case. But in light of her options, she wants to enter the plea.

2

{¶ 4} The judge responded, "I see what you're saying. Okay. All right. Anything from the State regarding that?"

{¶ 5} The prosecutor replied, "No, judge."

{¶ 6} After ascertaining that Beasley understood the effects of her plea and that she made a knowing, intelligent, and voluntary waiver of her constitutional rights, the court accepted Beasley's guilty plea. The court then sentenced Beasley to three years of community control.

{¶ 7} On appeal to the First District Court of Appeals, Beasley argued in her sole assignment of error that the trial court abused its discretion by refusing to accept no-contest pleas and prejudiced Beasley by forcing her to waive an appeal of the motion-to-suppress ruling. The First District agreed with Beasley that the trial court erred in adopting a blanket policy of refusing to accept no-contest pleas. The court found, however, that Beasley did not preserve the error for appeal. The court concluded that Beasley should have entered her no-contest plea and then had the trial court refuse to accept the plea on the record.

{¶ 8} Judge (now Justice) Fischer dissented. Judge Fischer noted that Beasley's counsel stated twice on the record that his client wished to plead no contest to preserve her right to appeal the trial court's denial of her motion to suppress. Judge Fischer concluded that there was "no valid reason to require Beasley to enter a no-contest plea on the record when it is clear that doing so would have been futile." 2016-Ohio-1603 at ¶ 19 (Fischer, P.J., dissenting).

{¶ 9} We accepted Beasley's appeal on the following proposition of law: "A trial counsel's unrefuted proffer summarizing an unrecorded conference is sufficient to preserve an error for appeal."

**ANALYSIS**

{¶ 10} We begin by addressing whether the trial court erred by adopting a blanket policy of not accepting no-contest pleas, an issue of first impression in this

court. We conclude that a trial court abuses its discretion when it rejects a no-contest plea as a matter of course without considering the facts and circumstances of the case.

**{¶ 11}** A guilty plea is a complete admission of guilt. Crim.R. 11(B)(1). In contrast, a plea of no contest is not an admission of guilt but "an admission of the truth of the facts alleged in the indictment, information, or complaint." Crim.R. 11(B)(2). A trial court has discretion to accept or reject a no-contest plea. *See* Crim.R. 11(A) (defendant may plead no contest with the consent of the court). The court's decision will not be reversed absent an abuse of discretion. *See State v. Jenkins,* 15 Ohio St.3d 164, 223, 473 N.E.2d 264 (1984).

**{¶ 12}** We have defined an abuse of discretion as conduct that is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). And an "arbitrary" decision is one made "without consideration of or regard for facts [or] circumstances." *Black's Law Dictionary* 125 (10th Ed.2014). *See also Dayton ex rel. Scandrick v. McGee,* 67 Ohio St.2d 356, 359, 423 N.E.2d 1095 (1981), quoting *Black's Law Dictionary* 96 (5th Ed.1979) ("arbitrary" means " 'without adequate determining principle; * * * not governed by any fixed rules or standard' ").

**{¶ 13}** The record here establishes that the trial court had a blanket policy of not accepting no-contest pleas. In other words, the court rejected any and all no-contest pleas as a matter of course without any consideration of the facts or circumstances of each case. We conclude that the court's adherence to such an arbitrary policy constitutes an abuse of discretion. *Accord State v. Carter*, 124 Ohio App.3d 423, 427-429, 706 N.E.2d 409 (2d Dist.1997); *State v. Graves*, 10th Dist. No. 98AP-272, 1998 WL 808356, *3-4 (Nov. 19, 1998).

**{¶ 14}** Having found that the trial court erred in refusing to accept a no-contest plea from Beasley, we next address whether Beasley adequately preserved that error for appeal.

**{¶ 15}** A plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a motion to suppress evidence. Crim.R. 12(I). A valid guilty plea by a counseled defendant, however, generally waives the right to appeal all prior nonjurisdictional defects, including the denial of a motion to suppress. *See State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 78; *State v. Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, 63 N.E.3d 93, ¶ 56.

**{¶ 16}** Here, Beasley entered a guilty plea. In this case, however, Beasley's guilty plea did not amount to a waiver. Beasley's attorney stated in open court that Beasley "wants to plead no contest to preserve her right to appeal the motion to suppress that was denied." Counsel also stated on the record that Beasley could not plead no contest because "the Court has a blanket policy [of] not accepting no contest pleas, and the Court will only accept a [plea of] guilty or not guilty." The court did not contest counsel's characterization of its policy. In fact, the court implicitly agreed by responding, "I see what you're saying. Okay. All right." Beasley, through counsel, clearly stated on the record that she wished to enter a plea of no contest. But the court's policy left her with no choice but to enter a guilty plea. There was no reason to require Beasley to enter a no-contest plea after the trial court acknowledged on the record that it would have summarily rejected that plea.

## CONCLUSION

**{¶ 17}** We conclude that the trial court erred in adopting a blanket policy of refusing to accept no-contest pleas and that Beasley preserved that error for appeal. We reverse the court of appeals' judgment and remand the matter to the trial court to allow Beasley to enter a new plea in accordance with Crim.R. 11.

Judgment reversed
and cause remanded.

O'DONNELL, KENNEDY, O'NEILL, RINGLAND, and DEWINE, JJ., concur.

O'C<small>ONNOR</small>, C.J., concurs in judgment only.

R<small>OBERT</small> P. R<small>INGLAND</small>, J., of the Twelfth Appellate District, sitting for F<small>ISCHER</small>, J.

_____

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Sean M. Donovan, Assistant Prosecuting Attorney, for appellee.

Raymond T. Faller, Hamilton County Public Defender, and Joshua A. Thompson, Assistant Public Defender, for appellant.

_____