[Cite as *State v. Beasley*, 2019-Ohio-3936.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180152 |
| | | TRIAL NO. B-1405968 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| ANDREA BEASLEY, | : | |
| | | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: September 27, 2019


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Joshua A. Thompson*, Assistant Public Defender, for Defendant-Appellant.

**MOCK, Presiding Judge.**

{¶1}     Because the state failed to establish that the officer was following an official policy when he searched the vehicle pursuant to an inventory-search policy, it failed to establish that the search was lawful.  Therefore, the trial court erred when it denied the motion to suppress in this case.

### The Trial Court Refuses to Accept
### No-Contest Plea

{¶2}     Defendant-appellant Andrea Beasley was charged with one count of possession of drugs after Brandon Gehring, a police officer with Amberley Village, found cocaine under the driver's seat of the vehicle Beasley had been driving. Gehring had executed a traffic stop after observing Beasley driving and having confirmed that Beasley's driver's license had been suspended.  Beasley filed a motion to suppress the evidence found as a result of the search, which was denied by the trial court.

{¶3}     After the motion had been denied, Beasley attempted to enter a plea of no contest, but her attorney had been told in chambers that "the Court [had] a blanket policy [of] not accepting no contest pleas, and [that] the court [would] only accept a guilty or not guilty [plea]."  Counsel stated on the record that the state had agreed to a no-contest plea, but that the trial court had indicated it would not be accepted.  Beasley then entered a guilty plea and was thereafter convicted by the trial court.

{¶4}     On appeal to this court, Beasley had argued that the trial court erred when it refused to allow her to enter a plea of no contest pursuant to its "blanket policy."  *See State v. Beasley*, 2016-Ohio-1603, 49 N.E.3d 378 (1st Dist.).  While this court agreed that such a policy was improper, the majority concluded that Beasley had failed to preserve the issue for review by not seeking to enter the no-contest plea

on the record. *See id.* at ¶ 13. On appeal to the Ohio Supreme Court, that decision was reversed. *See State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474. The court concluded that the unrefuted proffer by counsel of the content of the in-chamber conference was sufficient to preserve the issue for appeal. *See id.* at ¶ 16. The cause was then remanded to the trial court to allow Beasley to enter a plea of no contest. After entering that plea, and after again being convicted by the trial court, Beasley now appeals the denial of her motion to suppress.

## The Motion to Suppress and
## the Hearing Below

{¶5} After being indicted for possession of drugs, Beasley filed a motion to suppress. In the motion, she claimed that "a search of Ms. Beasley's vehicle was performed without her consent." She also claimed that "the inventory search was merely a pretext for a warrantless evidentiary search."

{¶6} The trial conducted a hearing on the motion to suppress. In spite of the fact that Gehring clearly did not have a valid search warrant when he searched the vehicle, that fact was not stipulated to below. This is important because the lack of a warrant shifts the burden from the defendant to the state. *See State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168, ¶ 98; *Maumee v. Weisner*, 87 Ohio St.3d 295, 297, 720 N.E.2d 507 (1999); *Xenia v. Wallace*, 37 Ohio St.3d 216, 524 N.E.2d 889 (1988), paragraph two of the syllabus. In most cases involving a traffic stop, the parties will stipulate that the officer did not have a warrant, and at that point it is the state's burden to proceed on the motion. In this case, however, Beasley's counsel was the one who questioned the officer despite the fact that Beasley did not have had the burden at that point.

{¶7} This is troubling because the party that had the burden of proof was not the party who mainly questioned the lone witness. Because of this, the party with

no motivation to develop the factual record required by the procedural posture of the case was charged with that function. But, according to the record, the parties agreed to that procedure. We hope that, in the future, parties will avoid such a practice in order to allow the record to be properly developed for both the trial court and, if necessary, this court to review.

{¶8} During the hearing, Gehring testified that he stopped Beasley because he had learned that her driver's license was suspended. The video recording of the stop was then played for the trial court. In the video, Gehring informed Beasley that her license was suspended and that he could not allow her to drive the vehicle. He then asked her if she had anything in the vehicle that she should not have. Beasley asked why he wanted to know, and if he had to search her vehicle. Gehring responded that he was just asking. Gehring told her he was going to "take a look." While Beasley was in the cruiser, Gehring spoke to another officer on the scene. He said "Will you start me a signal 38, please. Put that on the record. I said, I will put that out there first. I asked her if there was anything in the car. And she has been really vague about all that." The second officer then looked under the seat and found cocaine. Gehring asked "Where was that at?" and was told it was under the front seat. Gehring responded "That's why I wanted to look in the car. Because she was really nervous. * * * I knew that there was something in there." At no point during the search did either officer appear to be writing anything down. Gehring then informed Beasley that she was being arrested for possession of drugs.

{¶9} At that point, the recording was stopped and the hearing continued. Gehring admitted that he did not ask for permission to search the vehicle "because [he] didn't need it." He said that he had conducted "an inventory search of the vehicle." On cross-examination by the state, Gehring explained the policy: "we inventory the vehicle to make sure that we write down any pertinent belongings that

4

might be in the vehicle so that her objects and items in the vehicle are protected when it goes to the tow lot to make sure all of those items are returned." Gehring stated that when he asks a driver if they have anything in the vehicle "I look for not only a verbal response, but I also look for a visual response. A lot of times you will find that they have a shaky voice or they will stutter or if they are in the vehicle and you ask, they will actually look at the location in which an item is recovered that is illegal." At the conclusion of argument, the trial court denied the motion to suppress.

{¶10} In two assignments of error, Beasley now appeals.

### Inventory Searches are Constitutional

{¶11} In her first assignment of error, Beasley claims that the trial court improperly denied her motion to suppress because inventory searches, in general, are unconstitutional. But Beasley did not raise this issue below. This argument cannot be raised for the first time on appeal. *See State v. Combs*, 62 Ohio St.3d 278, 290, 581 N.E.2d 1071 (1991). But the constitutionality of inventory searches has been affirmed by both the Ohio Supreme Court and the United States Supreme Court. *See State v. Banks-Harvey*, 152 Ohio St.3d 368, 2018-Ohio-201, 96 N.E.3d 262; *Florida v. Wells*, 495 U.S. 1, 4, 110 S.Ct. 1632, 109 L.Ed.2d 1 (1990). We overrule Beasley's first assignment of error.

### The State Failed To Establish the Officer
### Followed an Established Policy

{¶12} In her second assignment of error, Beasley argues that the trial court improperly denied her motion to suppress because the state failed to establish that the evidence was seized pursuant to a proper inventory search. A search of private property is unconstitutional unless it is conducted pursuant to a properly issued search warrant. *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). There are a few well-defined exceptions to this rule, upon which

warrantless searches have been upheld as "reasonable" under the Fourth Amendment. One exception to the warrant requirement arises when the police in the exercise of their "community caretaking functions" lawfully acquire temporary custody of a privately-owned vehicle. *Cady v. Dombrowski*, 413 U.S. 433, 441-446, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973). Under those circumstances, the United States Supreme Court has held that a warrantless inventory search of the automobile made "pursuant to standard police procedures" and for the purpose of "securing or protecting the car and its contents" is a reasonable police intrusion which does not offend Fourth Amendment principles. *South Dakota v. Opperman*, 428 U.S. 364, 372-373, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976).

{¶13} The Ohio Supreme Court has held that "inventory searches of lawfully impounded vehicles are reasonable under the Fourth Amendment when performed in accordance with standard police procedure and when the evidence does not demonstrate that the procedure involved is merely a pretext for an evidentiary search of the impounded vehicle." *State v. Leak*, 145 Ohio St.3d 165, 2016-Ohio-154, 47 N.E.3d 821, ¶ 22, citing *Blue Ash v. Kavanagh*, 113 Ohio St.3d 67, 2007-Ohio-1103, 862 N.E.2d 810, ¶ 11. As this court noted

> The rationale forming the basis for this body of jurisprudence is the principle that police officers should not have unbridled discretion when conducting searches, even routine searches performed in an administrative context. To ensure that the search is not a bad-faith excuse to search for contraband, the applicable policy or procedure must provide enough regulation to the inventory search to limit its scope to an objectively reasonable intrusion in accordance with the Fourth Amendment.

*State v. Butler*, 1st Dist. Hamilton No. C-950390, 1996 WL 47194, *2 (Feb. 7, 1996).

6

{¶14} In this case, no evidence was presented regarding the policy that Gehring was relying upon when searching the vehicle. The policy was not introduced at the hearing, and Gehring did not testify to its details. Without that evidence, the state cannot show that the search was "conducted in good faith and in accordance with reasonable standardized procedure(s) or established routine." *See State v. Hathman*, 65 Ohio St.3d 403, 604, N.E.2d 743 (1992), paragraph one of syllabus. At most, the record reflects that Amberley Village has a policy where "we inventory the vehicle to make sure that we write down any pertinent belongings that might be in the vehicle so that her objects and items in the vehicle are protected when it goes to the tow lot to make sure all of those items are returned." Not only is this testimony insufficient, but the video does not indicate that the officers followed even this "procedure" as neither officer is seen writing anything down, and no writing was introduced at the hearing.

{¶15} Gehring testified that he did not have a search warrant when he searched the vehicle. At that point, the state had the burden to establish that there was an exception to the warrant requirement that allowed Gehring to search the vehicle. On this record, the state failed to meet that burden. For this reason, we sustain Beasley's second assignment of error.

**Conclusion**

{¶16}   The record does not support the trial court's conclusion that the evidence seized in this case was seized pursuant to a proper inventory search.  The state failed to meet its burden on this record.  We therefore reverse Beasley's conviction and the decision of the trial court denying her motion to suppress.  We remand this cause for further proceedings in accordance with the law and this opinion.

Judgment reversed and cause remanded.

**MYERS** and **CROUSE, JJ.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.