[Cite as *State v. Balderas*, 2019-Ohio-4503.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                          Court of Appeals No. WD-18-053

      Appellee                                      Trial Court No. 2017CR0355

v.

Rene R. Balderas                                  **DECISION AND JUDGMENT**

      Appellant                                    Decided:  November 1, 2019

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

W. Alex Smith, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Rene Balderas, appeals from the July 17, 2018 judgment of the Wood County Court of Common Pleas sentencing him, following his conviction by a jury, of burglary, a violation of R.C. 2911.12(A)(2) and 2911.12(D), a felony of the second degree.  For the reasons which follow, we affirm.

{¶ 2} Appellant was indicted July 20, 2017, on one count of burglary for a residential burglary that was committed on April 18, 2017 (Count 2).  He was subsequently indicted on December 21, 2017, on one count of burglary for a residential burglary that was committed on April 14, 2017 (Count 1).  The cases were consolidated for trial.  Following a jury trial, appellant was convicted of Count 1 relating to the April 14, 2017 burglary but acquitted of Count 2 regarding the April 18, 2017 burglary.  Appellant was sentenced to a prison term of eight years.  Appellant appeals and asserts the following assignments of error:

I.  The Trial Court erred when it denied the Defendant's motion to strike.

II.  The Defendant was Convicted Against the Manifest Weight of the Evidence.

{¶ 3} While the evidence presented at trial addressed two separate burglaries, appellant was convicted of only one offense.  The following evidence was presented with regard to the April 14, 2017 burglary in Bowling Green, Ohio, of which appellant was convicted.

{¶ 4} A minor testified that at approximately 10:00 p.m. on April 14, 2017, she was walking with friends when she saw an old rusted, red Jeep in a neighbor's driveway which she did not recognize.  It had a license plate on the back but not on the front of the car.  Although it was dark outside, a lamp across the street enabled her to see an unknown, heavyset, approximately 30-year-old man with curly black hair and a red shirt

2.

smoking on the porch. She could tell the man saw them and was watching them. She and her friends continued walking around the block and came back to check on the situation. On their second pass by the house, she saw the man was no longer on the porch and a light had been turned on inside the house. They continued to walk around the block until they saw the lights had been turned off and the same man was standing behind the door frame of the house as if he was trying to hide himself. The group hid behind a shed so it looked like they had walked away, but they continued to watch the man. He came out of the house and was carrying a bag which appeared to have things in it. He closed the door and drove off. The witness tried to find a cigarette butt on the porch, but she could not. The witness later identified appellant in a photographic lineup and was very sure he was the man who had been on the porch. Officer Kusmeriek testified he conducted the blind picture line-up on April 21, 2017, and the witness immediately identified appellant on a certainty scale of 9/10.

{¶ 5} The homeowner testified he was at work when he was notified by a neighbor that someone had been in his home. The homeowner returned home to find the home in disarray and cigarettes thrown on the floor. A dresser had been moved and a television which had been positioned in front of the window was overturned on the floor. The homeowner did not know appellant and no one had permission to enter his home. Bags which normally hung by the door were missing, along with a briefcase with a tablet and jewelry. He identified his wife's jewelry as that which appellant later pawned.

3.

{¶ 6} Detective Mulinix investigated the burglary and authenticated the photographs admitted into evidence which he had taken inside and outside of the premises. He found the entry point for the burglary was a window in the bedroom where someone had pushed a dresser and television away from the window. He could not find any cigarette butts around the porch.

{¶ 7} The detective received a tip from a parole officer that appellant had contacted the parole officer to advise him that appellant's cousin, Mario Flores, had committed two burglaries and described the location of both (one of which matched the above burglary). The detective was familiar with the men and directed Detective Hartman to conduct an online search to see if any of the stolen items had been pawned. When the detective learned appellant had pawned some jewelry, the detective had the victim identify the pawned items. The detective further testified that he has had many cases where the suspect has pawned items, probably because they do not understand law enforcement has the capability of finding out who pawned the items.

{¶ 8} Detective Hartman testified he assisted Detective Mulinix in the investigation of the burglaries and checked the online jewelry resale site to find appellant had sold jewelry on April 17, 2017. Detective Hartman also testified that a lot of criminals do not attempt to hide their identity when pawning stolen items.

{¶ 9} Detective Hartman was familiar with appellant and knew that he did not have a valid driver's license. While Detective Hartman was searching for appellant, Flores, and Ray Garcia, the detective saw appellant driving a vehicle. Detective Hartman

4.

stopped appellant and observed a ring in the cup holder of the center console. No jewelry was found on appellant's person.

{¶ 10} Detective Mulinix conducted a search of appellant's vehicle after he was arrested and found shoes and clothing, including a red shirt, tablets, cameras, and other electrical devices. During a police interview, appellant denied being involved with the two burglaries. When he was told his vehicle was seen at one of the scenes, he indicated Flores had borrowed the car that night. However, Joanne Sprague, with whom Flores lived, testified that appellant would never have loaned his car to Flores because he does not have a license. While the vehicle appellant had been driving the day of his arrest does not belong to appellant, it was never reported stolen after the titled owner was contacted.

{¶ 11} In his first assignment of error, appellant argues the trial court erred when it denied his motion to strike the testimony of Detective Hartman where, in response to a question by the defense, the officer stated his unsolicited opinion that many suspects do not attempt to conceal their identity when they pawn stolen property. Appellant also objected at trial to similar testimony by Detective Mulinex. Appellant asserts this unsolicited statement was highly prejudicial to appellant. However, the only basis appellant asserts for excluding the testimony is that it is character evidence prohibited by Evid.R. 404. We find, however, the detective's opinions were not character evidence because the statements relate to other offenders. Rather, appellant's objection addresses the relevancy of the evidence.

5.

{¶ 12} A trial court's decision to grant or deny a motion to strike evidence is reviewed under an abuse of discretion standard. *State v. McKelton,* 148 Ohio St.3d 261, 2016-Ohio-5735, 70 N.E.3d 508, ¶ 181. Therefore, we will not reverse the trial court decision absent a showing that the decision was "unreasonable, arbitrary or unconscionable." *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, ¶ 12, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 13} We agree with appellee that appellant opened the door to the detective's comment by asking the detective whether it was true that appellant did not conceal his identity when he pawned the jewelry using his own name. In addition to answering "yes," the detective added his opinion that criminals often use their own name because they do not understand the police can investigate pawned goods. While the court could have stricken the comment as unresponsive, we cannot find it was an abuse of discretion when appellant has failed to demonstrate how he was prejudiced by the comment and there was sufficient other evidence which supported the conviction. Therefore, we find appellant's first assignment of error not well-taken.

{¶ 14} In his second assignment of error, appellant asserts his conviction was contrary to the manifest weight of the evidence. Despite his assignment of error, appellant argues the prosecution failed to introduce "sufficient evidence to establish a conviction *and* the conviction was contrary to the manifest weight of the evidence." (Emphasis added.)

6.

{¶ 15} Sufficiency and manifest weight arguments are distinct. *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), paragraph two of the syllabus. The appellate court must first consider whether there was sufficient evidence presented as to the allegations of the indictment to warrant submitting the case to the jury; and, if there was sufficient evidence, then consider whether the manifest weight of the evidence supported the verdict. *Thompkins* at 386-387.

{¶ 16} Sufficiency of the evidence is a legal question of whether there was adequate evidence to present a case to the jury and whether the evidence was sufficient as a matter of law to support the verdict. *Thompkins* at 386. The appellate court does not weigh the evidence nor assess the credibility of the witnesses. *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 207; *State v. Walker*, 55 Ohio St.2d 208, 212, 378 N.E.2d 1049 (1978). The evidence must be viewed in favor of the prosecution and we must find that "*any* rational trier of fact could have found the essential elements of the crime [were proven] beyond a reasonable doubt." *Beasley*, quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.E.2d 560 (1979); *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 17} A challenge to the weight of the evidence questions whether or not "*the greater amount of credible evidence*" was admitted to support the findings of fact. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 12, quoting *Thompkins* at 387. When weighing the evidence, the court of appeals must consider whether the evidence in a case is conflicting or where reasonable minds might differ as to

7.

the inferences to be drawn from it, consider the weight of the evidence, and consider the credibility of the witnesses to determine if "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Id.* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 18} To establish the offense of burglary, the prosecution was required to prove that appellant, "by force, stealth, or deception," trespassed "in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense." R.C. 2911.12(A)(2).

{¶ 19} Appellant asserts he was convicted solely upon the testimony of Flores who was not credible; a young woman who was not credible; and circumstantial evidence. He further argues there was no evidence he entered the residence with the purpose to commit a theft offense. Instead, he asserts, the prosecution established only that appellant possessed stolen property.

{¶ 20} First, Flores's testimony only concerned the April 18, 2017 burglary, of which appellant was acquitted. Therefore, we do not consider it in our review. Second, any credibility determination regarding the witness to the April 14, 2017 burglary is within the province of the jury. The eyewitness testified the lighting was adequate to observe appellant's actions, the turning on and off of the home lights, appellant's furtive

8.

exit from the home, and that he left the home carrying a bag filled with something. The witness was also able to identify appellant and the vehicle he was driving when he was apprehended matched her description. Furthermore, there was additional direct evidence that the home was entered at nighttime through a bedroom window, which caused the dresser to be moved and television to be overturned. The homeowner testified he did not know appellant and no one should have been in the house. Finally, there was evidence appellant pawned jewelry the homeowner identified as the jewelry stolen from the residence. Based on this evidence, a reasonable inference could be made that appellant entered the premises with force and stealth with the intent to steal items in the home.

{¶ 21} Upon a review of all of the evidence, we find there was sufficient evidence to submit the case to the jury and support the verdict as a matter of law. We also find the conviction was not contrary to the manifest weight of the evidence. Therefore, we find appellant's second assignment of error not well-taken.

{¶ 22} Having found the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

9.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____

JUDGE

Arlene Singer, J.

_____

Christine E. Mayle, P.J.

JUDGE

CONCUR.

_____

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.