[Cite as *State v. Leech*, 2020-Ohio-1440.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-T-0042** |
| BRANDON JONTAE LEECH (a.k.a. "BAMA"), | : | |
| | : | |
| Defendant-Appellant. | | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2018 CR 00377.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Stephen A. Turner*, Turner, May & Shepherd, 185 High Street, N.E., Warren, OH 44481 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Brandon Jontae Leech (a.k.a. "Bama"), appeals from the January 16, 2019 entry on sentence issued by the Trumbull County Court of Common Pleas. The judgment is affirmed.

{¶2} On May 30, 2018, appellant was indicted on three counts, all with accompanying firearm specifications: (1) Attempted Murder (F1), in violation of R.C.

2923.02(A)&(E)(1) and R.C. 2903.02(A)&(D); (2) Felonious Assault (F2), in violation of R.C. 2903.11(A)(1)&(D)(1)(a); and (3) Felonious Assault (F2), in violation of R.C. 2903.11(A)(2)&(D)(1)(a).

{¶3} A suppression hearing was held on November 16, 2018. Appellant sought to suppress the pretrial identification made by the victim when presented with a photo array. The trial court found there was no violation of the minimum requirements for photo lineup procedures, as set forth in R.C. 2933.83(B), and found no violation of appellant's constitutional rights. The court concluded appellant failed to establish that the pretrial identification procedure was unnecessarily suggestive and, upon the court's independent review of the photo array, found it was not unduly suggestive as composed or as presented to the victim. The trial court overruled appellant's motion on January 2, 2019.

{¶4} On January 9, 2019, appellant entered a counseled and negotiated plea of guilty to an amended indictment. Appellant pleaded guilty to one count of Aggravated Assault (F4), in violation of R.C. 2903.12(A)(2)&(B). Pursuant to the plea agreement, the state of Ohio agreed to nolle the remaining counts of the indictment. The parties jointly recommended a six-month sentence for the underlying offense, to be served subsequent and consecutive to the mandatory three-year sentence for the firearm specification.

{¶5} The state offered the following factual basis at the plea hearing:

> Had this case proceeded to trial the State would have proven beyond a reasonable doubt each and every element of the offense as charged in the amended indictment. Specifically the State would have shown that on April 15th, 2018, at the Hideaway Lounge located at 5840 ½ Youngstown Warren Road, Niles, Trumbull County, Ohio, this defendant and the victim Lawrence William

Saunders, got into an argument at that location. As a result this defendant shot the victim in the mouth. The bullet was later spit out two months later by the victim after the victim had previously been told by doctors it was not able to be removed due to the risks that were involved.

The State would have offered the testimony of the victim in this case, investigating officers, an eye witness to the shooting, as well as medical personnel. We also would have offered into evidence at trial the victim's medical records, crime scene photographs and the recovered projectile as well as other evidence.

{¶6} The trial court accepted appellant's guilty plea, proceeded directly to sentencing, and imposed the jointly recommended sentence of three years and six months.

{¶7} The trial court issued its entry on sentence on January 16, 2019, from which appellant now appeals. He raises one assignment of error for our review:

THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION TO SUPPRESS THE PHOTO ARRAY IDENTIFICATION BY THE VICTIM.

{¶8} Appellant argues the trial court erred when it denied his motion to suppress the photo array identification by the victim. Appellee responds—and we agree—that appellant waived appellate review of the denial of his motion to suppress by pleading guilty to the offense.

{¶9} At the plea hearing, the trial court advised appellant of the appellate rights he was waiving by entering a plea of guilty:

THE COURT: If you were convicted at that jury trial you also have what's called the automatic right to appeal and that means you or your attorney could file a paper with our Court of Appeals stating what errors or irregularities that you or your attorney think occurred at the trial of your case. The Court of Appeals would have to hear that appeal but they may not necessarily agree on what you or your attorney think the errors or irregularities were.

3

If you cannot afford a transcript of the proceedings, the Court will provide that for you, and if you cannot afford an attorney to represent you, the Court would provide that for you.

Do you understand what your Court of Appeals rights are?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand by entering a guilty plea here today you would be giving up those rights?

THE DEFENDANT:  Yes, sir.

{¶10} Appellant signed a written plea of guilty, which also provides the following:

The Court and my Attorney have advised me that by entering this Plea of Guilty I am waiving (giving up) the following Constitutional Rights: * * * My right to appeal upon conviction after a trial.

My attorney has advised me that I may only be able to appeal the imposition of a maximum sentence or other procedural issues regarding this plea.  I also understand my other limited appellate rights that have been explained to me by the Court * * *.

{¶11} "A valid guilty plea by a counseled defendant * * * generally waives the right to appeal all prior nonjurisdictional defects, including the denial of a motion to suppress."  *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, ¶15 (citations omitted). "A guilty plea is a complete admission of guilt under Crim.R. 11(B)(1), and a 'defendant who * * * voluntarily, knowingly, and intelligently enters a plea of guilty with the assistance of counsel "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."'" *State v. Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, ¶55, quoting *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, ¶78, quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  *See also Class v. United States*, ___ U.S. ___, 138 S.Ct. 798, 805 (2018) ("A valid guilty plea also renders irrelevant—and thereby prevents the

4

defendant from appealing—the constitutionality of case-related government conduct that takes place before the plea is entered.").

{¶12}  An exception does exist, in that a guilty plea does not bar a direct appeal that challenges "the very power of the State" to prosecute the offender, such as the constitutionality of a statute under which the offender is convicted.  *See Class, supra*, at syllabus, citing *Blackledge v. Perry*, 417 U.S. 21 (1974) and *Menna v. New York*, 423 U.S. 61 (1975).  Appellant does not raise such an argument here.  Nor does he argue that his plea was entered unknowingly, involuntarily, or unintelligently.  Rather, he argues the trial court erred in concluding the photo array presented to the victim was not unduly suggestive and that the denial of his motion to suppress affected his decision not to proceed to trial.  By pleading guilty, however, appellant waived his right to raise this argument on appeal.

{¶13}  Appellant's sole assignment of error is not well taken.

{¶14}  The judgment of the Trumbull County Court of Common Pleas is hereby affirmed.


MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.