[Cite as *State v. Swope*, 2023-Ohio-3529.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

BRANDON ROBERT SWOPE,

        Defendant-Appellant.

CASE NO. 2023-A-0012

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2022 CR 00604

**O P I N I O N**

Decided: September 29, 2023
Judgment: Affirmed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Adam Parker*, The Goldberg Law Firm, LLC, 323 West Lakeside Avenue, Suite 450, Cleveland, OH 44113 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, Brandon Robert Swope, appeals the sentencing entry issued following Swope's guilty plea to one count of grand theft of a motor vehicle, a fourth-degree felony. We affirm.

{¶2} In 2022, Swope was indicted on the sole count of grand theft of a motor vehicle, in violation of R.C. 2913.02(A)(1) and (B)(5). Swope initially pleaded not guilty but thereafter amended his plea to guilty pursuant to a plea agreement, whereby the parties stipulated to a sentence of 18 months of imprisonment, to be served concurrently

with sentences imposed in separate cases.  The trial court accepted the plea and imposed the stipulated sentence.

{¶3}  Defense counsel noticed an appeal from the sentencing entry and then moved to withdraw.  The trial court granted defense counsel's motion to withdraw, and this court appointed counsel for Swope's appeal.  Thereafter, appointed appellate counsel submitted an *Anders* brief asserting he was unable to find any prejudicial errors in the trial court proceedings.  Consequently, counsel moved for leave to withdraw.  This court issued an entry on May 25, 2023, holding appellate counsel's motion to withdraw in abeyance and providing Swope 30 days to file his own submission, if he so chose, raising arguments in support of his appeal.  Swope has not submitted any issues for our review.

> In *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 493 (1967), the United States Supreme Court outlined the proper steps to be followed in this situation: (1) counsel should act in the role of active advocate for his client; (2) counsel should support his client to the best of his ability; (3) if counsel finds his client's case to be wholly frivolous, counsel should advise the court and request permission to withdraw; (4) the request to withdraw must be accompanied by a brief referring to anything in the record that might arguably support the appeal; (5) counsel should furnish the indigent client with a copy of counsel's brief, and time must be allowed for the client to raise any points he chooses; (6) the court, not counsel, proceeds and decides whether the case is frivolous after full examination of all the proceedings. *Id.* at 744.

*State v. Spears*, 11th Dist. Ashtabula No. 2013-A-0027, 2014-Ohio-2695, ¶ 5.

{¶4}  Here, appellate counsel has not specifically identified any potential error, but has stated that "[g]iven this appeal involves a guilty plea and a stipulated sentence, the only remaining issue for appeal would be compliance with Crim.R. 11.  Based on the colloquy conducted by the trial court, it appears to [appellate counsel] that Crim.R. 11 was

2

complied with, and any argument about compliance with the rule would be wholly frivolous."

{¶5} We agree. "A valid guilty plea by a counseled defendant * * * generally waives the right to appeal all prior nonjurisdictional defects[.]" (Citation omitted.) *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474. Accordingly, Swope may not challenge on appeal a non-jurisdictional issue arising prior to entering the plea. Although Swope is not precluded from challenging the validity of his plea and the trial court's adherence to Crim.R. 11, such a challenge would be frivolous based upon the record in this case for the reasons that follow.

{¶6} Crim.R. 11 "'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.'" *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168, 331 N.E.2d 411 (1975); *see also State v. Nero*, 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990).

{¶7} Crim.R. 11(C)(2) provides:

> In felony cases the court may refuse to accept a plea of guilty * * * and shall not accept a plea of guilty * * * without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * *, and

3

that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶8} "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error." (Citations omitted.) *Dangler* at ¶ 13. In the context of guilty pleas, the Ohio Supreme Court has noted two exceptions to the rule that a defendant must establish prejudice. *Id.* at ¶ 14-16. First, "[w]hen a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty * * *, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." (Citation omitted.) *Id.* at ¶ 14. Second, "a trial court's complete failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." (Citation omitted.) *Id.* at ¶ 15.

{¶9} Here, the transcript indicates that, at the change-of-plea hearing, the trial court personally informed Swope of certain Crim.R. 11(C)(2) advisements and also instructed Swope to read portions of the plea agreement aloud, including the portion of the agreement indicating the constitutional rights Swope was waiving by pleading guilty. Intermittently, the trial court inquired if Swope had any questions regarding what he read, if he understood what he read, and if he agreed to what he read. Swope indicated he had no questions and affirmed his understanding of, and agreement to, the provisions he

4

read. *See State v. Weir*, 11th Dist. Ashtabula No. 2017-A-0039, 2018-Ohio-2827, ¶ 14 ("The fact that appellant read portions of his written plea agreement into the record and verified his understanding, rather than the trial court reading the rights to appellant, does not, under the circumstances of this case, raise any presumption that appellant entered his guilty plea unknowingly or involuntarily."). There is no indication from the record that Swope's plea was not knowingly, intelligently, or voluntarily entered, or that he suffered any prejudice, i.e., that he would not otherwise have entered his plea if the court had advised him differently.

{¶10} The trial court then imposed the stipulated sentence. Pursuant to R.C. 2953.08(D)(1): "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." As such was the case here, Swope's sentence is not subject to review under R.C. 2953.08.

{¶11} Accordingly, having independently reviewed the entire record, we find no nonfrivolous issues for consideration.

{¶12} Therefore, appellate counsel's motion to withdraw is granted, and the judgment is affirmed.


MATT LYNCH, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2023-A-0012