[Cite as *State v. Walters*, 2024-Ohio-3179.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
HARRISON COUNTY

STATE OF OHIO,

Plaintiff-Appellant,

v.

SHANE WALTERS,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 24 HA 0001

---

Criminal Appeal from the
Harrison County Court, Harrison County, Ohio
Case No. TRC 2301198

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Lauren E. Knight*, Harrison County Prosecutor and *Atty. Jack L. Felgenhauer*, Assistant Prosecuting Attorney, Harrison County Prosecutor's Office, for Plaintiff-Appellant and

*Atty. Christopher P. Delacruz*, for Defendant-Appellee.  (No Brief filed).

Dated:  August 20, 2024

**HANNI, J.**

{¶1} Plaintiff-Appellant, the State of Ohio, appeals from a Harrison County Court judgment granting the motion of Defendant-Appellee, Shane Walters, for leave to file a motion to suppress evidence and motion in limine. Because the trial court did not abuse its discretion in granting Walters leave to file his motion, the judgment is affirmed.

{¶2} On August 18, 2023, Walters was arrested for operating a vehicle while intoxicated. On August 22, 2023, Walters was arraigned and entered a not guilty plea. On September 13, 2023, Walters appealed his administrative license suspension (ALS) and requested a stay of the ALS pending the appeal.

{¶3} At a combined motion and pretrial hearing on September 26, 2023, Walters withdrew his ALS appeal and the State offered him a plea deal. On Walters' request, the hearing was continued until November 21, 2023. The court continued it once more to December 6, 2023.

{¶4} At the December 6 hearing, the State reiterated its plea deal to Walters. Walters' counsel indicated he would be moving for leave to file a motion to suppress.

{¶5} Walters filed the motion for leave to file instanter a motion to suppress and motion in limine on December 21, 2023. He cited Traf.R. 11(C) and Crim.R. 11(D). Walters acknowledged that his motion was untimely but noted that the trial court had the discretion to extend the time in the interest of justice. As a basis for the delay, the motion cited timing and pretrial considerations, counsel's caseload and scheduling challenges, the impact of the case on Walters' employment, and the absence of prejudice to the State. The State filed a response opposing the motion.

{¶6} The trial court granted Walters' motion. It noted that while the State opposed Walters' motion, it did not set forth any cogent argument for the court to deny it. The court then found that Walters demonstrated good cause for the untimely filing of the motion to suppress and motion in limine.

{¶7} After obtaining leave from this Court, the State filed its timely notice of appeal on February 2, 2024. It now raises two assignments of error for our review. The State's assignments of error share a common basis in law and fact. Thus, we will discuss them together.

**{¶8}** The State's first assignment of error states:

THE TRIAL COURT ERRED IN GRANTING DEFENDANT RELIEF FROM WAIVER OF ERROR WHEN DEFENDANT MOVED THE COURT FOR AN EXTENSION OF TIME TO FILE A MOTION TO SUPPRESS.

**{¶9}** The State's second assignment of error states:

THE TRIAL COURT ERRED IN GRANTING DEFENDANT/APPELLEE RELIEF FROM WAIVER OF ERROR FOR GOOD CAUSE SHOWN WHEN DEFENDANT FAILED TO SET FORTH SUCH CAUSE.

**{¶10}** The State argues the trial court abused its discretion when it granted Walters leave to file his motion to suppress. It points out that Walters filed his motion for leave 121 days after his arraignment. The State argues that Walters was required by both Traf.R. 11(F) and Crim.R. 12(H) to file his motion for leave within 35 days of his arraignment, which he did not do. Because the motion was 85 days late the State contends the trial court abused its discretion in granting the motion.

**{¶11}** The State acknowledges that a court may grant relief from the 35-day time limit, but only upon "good cause shown." It points out that Walters' motion here requested leave "in the interests of justice." The State argues Walters should have, and failed to, support his motion with a memorandum and citations to authority pursuant to Crim.R. 47.

**{¶12}** The State contends Walters did not raise "good cause" to support his motion. It claims defense counsel's heavy workload and trial preparation for another case do not constitute "good cause." The State urges that Walters only provided reasons why the court should grant his motion "in the interest of justice" instead of reasons for "good cause shown."

**{¶13}** A trial court has broad discretion in determining whether to permit leave to file an untimely motion to suppress. *State v. Garrett*, 2005-Ohio-4832, ¶ 14 (2d Dist.). Therefore, we will not reverse the trial court's decision regarding an untimely filed motion to suppress absent an abuse of discretion. *Id.* Abuse of discretion connotes more than an error of judgment; it implies the trial court's attitude was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶14}** Both Crim.R. 12(D) and Traf.R. 11(C) provide that a court may extend the time for making pretrial motions beyond the 35 days after arraignment deadline in the interest of justice. Crim.R. 12(D) provides:

> All pretrial motions except as provided in Crim. R. 7(E) and 16(M) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions.

**{¶15}** Likewise, Traf.R. 11(C) provides:

> Pre-plea motions may be made before or at arraignment. All pretrial motions, except as provided in Criminal Rule 16(M), shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court, in the interest of justice, may extend the time for making pre-plea or pretrial motions.

**{¶16}** Thus, the trial court has discretion under both the Criminal Rule and the Traffic Rule to extend the time for filing a motion to suppress and motion in limine "in the interest of justice."

**{¶17}** Under these Rules, the trial court may *extend* the time for filing pretrial motions. But once the time has expired, the defendant's failure to file a motion to suppress results in a waiver of that issue. *State v. Wade*, 53 Ohio St.2d 182 (1978), cert. granted, judgment vacated on other grounds, 438 U.S. 911 (1978).

**{¶18}** If a defendant fails to timely file a motion to suppress and the issue is waived, the defendant may still file a motion for relief from the waiver and the trial court may permit the defendant to file the motion for "good cause shown." *Garrett*, 2005-Ohio-4832, ¶ 14, citing Crim.R. 12(H).

**{¶19}** Both Crim.R. 12(H) and Traf.R. 11(F) provide that a court may grant relief from waiver due to untimely motions for good cause. Crim.R. 12(H) states:

> Failure by the defendant to raise defenses or objections or to make requests that must be made prior to trial, at the time set by the court pursuant to division (D) of this rule, or prior to any extension of time made by the court,

shall constitute waiver of the defenses or objections, but the court for good cause shown may grant relief from the waiver.

{¶20} And Traf.R. 11(F) states:

Failure by the defendant to raise defenses or objections or to make motions and requests which must be made prior to plea, trial, or at the time set by the court pursuant to subdivision (C), or prior to any extension thereof made by the court, shall constitute waiver thereof, but the court for good cause shown may grant relief from the waiver.

{¶21} Thus, the trial court also has discretion to grant a defendant relief from waiver for "good cause shown."

{¶22} In his motion for leave to file his motion instanter, Walters stated that he was requesting relief under Crim.R. 12(D) and Traf.R. 11(C). But he then brought up reasons for his motion "for cause" [referring to Crim. 12 (H) and Traf.R. 11(F)] in addition to reasons "in the interest of justice" [referring to Crim.R. 12(D) and Traf.R. 11(C)]. Therefore, Walters seemed to provide support in his motion both "for cause" and "in the interest of justice."

{¶23} In support of his motion, Walters pointed out that a trial date had not yet been set. He further stated that he had been awaiting the State's final plea settlement offer, which it presented on December 6, 2023. Walters filed his motion for leave 15 days later. Walters stated that if he were to be convicted of the OVI charges, he would lose his job because he would no longer be able to be insured to drive a company vehicle. Additionally, Walters' counsel stated that he is a sole practitioner with a busy hearing and trial schedule including a complex trial that had been scheduled for the week of November 27, 2023. Counsel attached a judgment entry from that case in support. Finally, Walters indicated that the State would not be prejudiced by the granting of his motion for leave.

{¶24} In response, the State asked the trial court to deny Walters' motion. It stated the motion was untimely and did not provide reasonable grounds for the request. It claimed Walters failed to raise any good cause in support of the motion.

{¶25} The trial court acknowledged that a defendant's failure to timely file a motion to suppress results in a waiver of that issue, but that it could, for good cause shown, grant

relief from the waiver. Citing, Crim.R. 12(H). The court then found that Walters demonstrated good cause for the untimely filing of his motion to suppress and motion in limine and granted his relief.

**{¶26}** The trial court did not abuse its discretion in granting Walters' motion.

**{¶27}** While it appears Walters may have the incorrect Rules [Crim.R. 12(D) and Traf.R. 11(C) instead of Crim.R. 12(H) and Traf.R. 11(F)] and referred to the "interest of justice" standard, he also twice stated that he was putting forth reasons "for cause" in his motion. Thus, Walters did reference the correct standard, albeit he also referenced the incorrect standard as well.

**{¶28}** Moreover, the trial court applied the correct standard in evaluating Walters' motion. The court acknowledged that Walters had waived the issue by his untimely filing. But it went on to cite Crim.R. 12(H) and found "that Defendant demonstrated good cause for the untimely filing."

**{¶29}** "A court abuses its discretion 'when a legal rule entrusts a decision to a judge's discretion and the judge's exercise of that discretion is outside of the legally permissible range of choices.'" *State v. Allen*, 2024-Ohio-970, ¶ 25 (8th Dist.), quoting *State v. Hackett*, 2020-Ohio-6699, ¶ 19. A decision is "unreasonable" within the abuse of discretion standard when the decision cannot be supported by a sound reasoning process. *Id.*, citing *State v. Ford*, 2019-Ohio-4539, ¶ 106, quoting *AAAA Ents. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990). And an "arbitrary" decision within the abuse of discretion standard is one the court makes without considering or regarding the facts. *Id.*, citing *State v. Beasley*, 2018-Ohio-16, ¶ 12, quoting *Black's Law Dictionary* 125 (10th Ed.2014).

**{¶30}** The trial court's judgment granting relief to Walters and allowing him to file his motion to suppress and motion in limine was not outside of the realm of its discretion. While Walters' motion may have partially relied on the wrong Criminal and Traffic Rule subsections, it also cited to the correct standard as well. And the trial court applied only the correct standard in evaluating the motion.

{¶31} Accordingly, the State's first and second assignments of error are without merit and are overruled.

{¶32} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Dickey, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Harrison County Court, Harrison County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**