[Cite as *State v. Dotson*, 2017-Ohio-918.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160324 |
| | | TRIAL NO. B-1503232 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| ANTHONY DOTSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  March 15, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Melynda J. Machol*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Joshua A. Thompson*, Assistant Public Defender, for Defendant-Appellant.

**MYERS, Judge.**

{¶1} Defendant-appellant Anthony Dotson has appealed from the trial court's entry convicting him of five drug-related offenses.

{¶2} In two assignments of error, he argues that the trial court erred in denying his motion to suppress and that the trial court erred in refusing to accept his no-contest plea. Because the trial court rejected Dotson's plea based on its blanket policy of refusing to accept no-contest pleas, we reverse the trial court's judgment and remand with instructions for the court to consider Dotson's proffered plea.

### *Factual Background*

{¶3} On June 13, 2015, Dotson was stopped in a shopping-center parking lot by Hamilton County sheriff's deputies who were responding to a call regarding a suspicious male in the parking lot. The deputies searched Dotson and found a knife and a straw on his person. A search of Dotson's car led to the discovery of drugs and drug paraphernalia.

{¶4} Dotson was indicted on five drug-related offenses. He filed a motion to suppress any evidence found during the search of his person. The trial court denied the motion. During a subsequent hearing on November 9, 2015, Dotson asked the trial court to accept a no-contest plea. The court refused, stating, "I don't take no contest pleas in here. You know that. I talked to you about that outside." The matter was then scheduled for a bench trial.

{¶5} The parties returned to court for the trial on February 4, 2016. That same date, Dotson filed a no-contest plea to all charges and submitted it to the court for consideration. The trial court responded, "Okay. The Court does not accept—this

Court does not accept no contest pleas, as you are aware. So I will not accept this. I will accept a guilty or not guilty plea from you." Dotson pled not guilty, and the matter proceeded to trial. The court found Dotson guilty as charged and sentenced him to a three-year period of community control, ordered him to complete the Northland program and aftercare, ordered him to maintain full-time employment, and imposed court costs.

*Blanket Rejection of a No-Contest Plea*

{¶6} Because Dotson's second assignment of error is dispositive of this appeal, we consider it first. In his second assignment of error, Dotson argues that the trial court erred by refusing to accept his no-contest plea.

{¶7} A trial court has broad discretion to accept or reject a no-contest plea. *State v. Beasley*, 2016-Ohio-1603, 49 N.E.3d 378, ¶ 8 (1st Dist.); *State v. Jenkins*, 15 Ohio St.3d 164, 222-223, 473 N.E.2d 264 (1984). An abuse of discretion "connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court." *Pembaur v. Leis*, 1 Ohio St.3d 89, 91, 437 N.E.2d 1199 (1982). However, a trial court must exercise its discretion by considering the facts and circumstances of each case before making a decision to accept or reject a plea. *Beasley* at ¶ 8.

{¶8} As we recently stated in *Beasley*, a trial court abuses its discretion when it rejects a proffered plea of no contest based on a blanket policy of refusing to accept no-contest pleas. *Id.* at ¶ 12; *see State v. Carter*, 124 Ohio App.3d 423, 428, 706 N.E.2d 409 (2d Dist.1997); *State v. Williams*, 8th Dist. Cuyahoga No. 104202, 2016-Ohio-7782, ¶ 12; *State v. Graves*, 10th Dist. Franklin No. 98AP-272, 1998 WL 808356, *4 (Nov. 19, 1998). When a court rejects a plea on the basis of a fixed policy

that "affects all defendants regardless of their situation," it fails to consider the facts and circumstances of the case before it. *Carter* at 428.

{¶9} The trial court twice told Dotson that it does not accept no-contest pleas, and the record is clear that it rejected Dotson's plea solely based on its blanket policy of refusing to accept no-contest pleas. The state argues that Dotson failed to object to the trial court's rejection of his no-contest plea, and that he has consequently forfeited his right to raise the issue on appeal. We are not persuaded. Dotson asked the court, on the record, to accept a no-contest plea on two separate occasions, and he filed a no-contest plea with the court. This case is distinguishable from *Beasley*, where we concluded that the appellant had forfeited the right to raise on appeal the trial court's blanket rejection of a no-contest plea, because the court had rejected the no-contest plea in its chambers and off the record and because the appellant had never attempted to plead no contest. *Beasley* at ¶ 12-13. We find that Dotson took sufficient steps to preserve this issue for appellate review.

{¶10} We hold that the trial court abused its discretion by failing to consider Dotson's proffered no-contest plea and by rejecting the plea based on a blanket policy of not accepting pleas of no contest. We sustain the second assignment of error.

{¶11} We decline to address Dotson's first assignment of error, in which he challenges the trial court's denial of his motion to suppress, because our resolution of the second assignment of error has rendered it moot.

{¶12} The judgment of the trial court is reversed, and this cause is remanded with instructions for the trial court to consider Dotson's proffered no-contest plea.

Judgment reversed and cause remanded.

**MOCK, P.J.,** and **CUNNINGHAM, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.