[Cite as *State v. Barnard*, 2018-Ohio-695.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NOS. 2017-A-0009<br>2017-A-0010<br>2017-A-0011 |
| SHAWN GREGORY BARNARD, a.k.a.<br>SHAWN G. BARNARD | : | 2017-A-0012 |
| | : | |
| Defendant-Appellant. | : | |
| | : | |

Criminal Appeals from the Ashtabula County Court of Common Pleas, Case Nos. 2016 CR 00126, 2016 CR 00218, 2016 CR 00224 and 2016 CR 00225.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Michael A. Hiener*, P.O. Box 1, Jefferson, OH 44047 (For Defendant-Appellant).


DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Shawn Gregory Barnard, appeals his convictions for two counts of Illegal Manufacture of Drugs, Aggravated Trafficking in Drugs, and Complicity to Interference with Custody in the Ashtabula County Court of Common Pleas. The issue before this court is whether an appeal is wholly frivolous where a criminal defendant enters guilty pleas after being duly advised of his rights in

accordance with Criminal Rule 11 and stipulates to an aggregate fifteen-year prison sentence. For the following reasons, we affirm the Judgments of the court below.

{¶2} The following appeal consolidates four appeals from four criminal prosecutions.

*Ashtabula C.P. No. 2016 CR 00126*

{¶3} On March 2, 2016, Barnard was indicted by the Ashtabula County Grand Jury for Illegal Manufacture of Drugs, a felony of the first degree in violation of R.C. 2925.04(A) and (C)(3)(b); Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs, a felony of the second degree in violation of R.C. 2925.041(A) and (C)(2); Aggravated Possession of Drugs, a felony of the second degree in violation of R.C. 2925.11(A) and (C)(1)(c); Endangering Children, a felony of the third degree in violation of R.C. 2919.22(B)(6) and (E)(3)(a); and Possessing Criminal Tools, a felony of the fifth degree in violation of R.C. 2923.24(A).

{¶4} On September 26, 2016, Barnard entered a plea of guilty to an amended charge of Illegal Manufacture of Drugs, a felony of the second degree in violation of R.C. 2925.04(A) and (C)(3)(a), and the remaining charges were dismissed.

*Ashtabula C.P. No. 2016 CR 00218*

{¶5} On April 7, 2016, Barnard was indicted by the Ashtabula County Grand Jury for Aggravated Trafficking in Drugs, a felony of the fourth degree in violation of R.C. 2925.03(A)(1) and (C)(1)(a).

{¶6} On September 26, 2016, Barnard entered a plea of guilty to Aggravated Trafficking in Drugs as charged in the Indictment.

*Ashtabula C.P. No. 2016 CR 00224*

2

**{¶7}** On June 8, 2016, Barnard was indicted by the Ashtabula County Grand Jury for Illegal Manufacture of Drugs, a felony of the second degree in violation of R.C. 2925.04(A) and (C)(3)(a); Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs, a felony of the third degree in violation of R.C. 2925.041(A) and (C)(1); Aggravated Possession of Drugs, a felony of the third degree in violation of R.C. 2925.11(A) and (C)(1)(b); and Tampering with Evidence, a felony of the third degree in violation of R.C. 2921.12(A)(1).

**{¶8}** On July 22, 2016, Barnard filed a Motion to Dismiss/Suppress, which the trial court denied following a hearing on August 25, 2016.

**{¶9}** On September 26, 2016, Barnard entered a plea of guilty to Illegal Manufacture of Drugs as charged in the Indictment and the remaining charges were dismissed.

### *Ashtabula C.P. No. 2016 CR 00225*

**{¶10}** On May 11, 2016, Barnard was indicted by the Ashtabula County Grand Jury for Complicity to Interference with Custody, a felony of the fourth degree in violation of R.C. 2919.23(A)(1) and (D)(2) and R.C. 2923.03(A)(2).

**{¶11}** On September 26, 2016, Barnard entered a plea of guilty to Complicity to Interference with Custody as charged in the Indictment.

**{¶12}** Following the entry of the guilty pleas, a sentencing hearing was held at which the parties stipulated to an aggregate fifteen-year sentence.

**{¶13}** On October 6, 2016, a resentencing hearing was held at the request of defense counsel to alter the structure of the stipulated sentence. In Case No. 2016 CR 00126, Barnard received a six-year sentence with 202 days of jail credit. In Case No.

3

2016 CR 00218, Barnard received an eighteen-month sentence without jail credit. In Case No. 2016 CR 00224, Barnard received a six-year sentence without jail credit. In Case No. 2016 CR 00225, Barnard received an eighteen-month sentence without jail credit. The sentences in all four cases were ordered to be served consecutively with one another. Additionally, the trial court imposed a five-year driver's license suspension and advised Barnard that he would be subject to three years of post-release control. Amended Judgment Entries of Guilty Plea and Sentence were issued the following day.

{¶14} On February 10, 2017, Barnard filed Motions for Leave to File Delayed Appeals in each of the four underlying cases. On April 10, 2017, this court granted Barnard leave to file and consolidated the appeals.

{¶15} On August 3, 2017, counsel for Barnard filed a Motion for Leave to Withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and a Supplemental Motion for Leave to Withdraw on August 29, 2017.

{¶16} Counsel for Barnard correctly observed that the plea colloquy satisfied the requirements of Criminal Rule 11(C). Counsel identifies, as a potential assignment of error, that the trial court did not advise Barnard of a defendant's "fundamental right" to testify at his criminal trial, noting that this court has rejected the argument that the failure to do so invalidates a plea. *State v. Stewart*, 11th Dist. Ashtabula No. 2010-A-0026, 2011-Ohio-2582, ¶ 21 ("it is not necessary for a trial court to expressly address the right to testify in order for a guilty plea to be made knowingly and intelligently").

{¶17} Counsel for Barnard identifies the denial of Barnard's Motion to Dismiss/Suppress in Case No. 2016 CR 00224 as a potential assignment of error. The Motion was based on police officers' warrantless search of Barnard's digital camera

4

recovered from a vehicle in which he was a passenger. The trial court held that a warrant was not necessary since Barnard abandoned the camera upon fleeing the vehicle to elude police, citing *State v. Dailey*, 3d Dist. Logan No. 8-10-01, 2010-Ohio-4816, ¶ 21 ("voluntary abandonment is a prime example of when a warrantless search of a cell phone may be conducted since it is clear that a defendant lacks standing to object to a search and seizure of property that he has voluntarily abandoned"); *State v. Warner*, 11th Dist. Portage No. 2013-P-0056, 2014-Ohio-1874, ¶ 28 (by fleeing on foot, "appellee abandoned the vehicle and its contents").

{¶18} Counsel for Barnard properly recognizes that, by pleading guilty, Barnard has waived the right to appeal this issue. *State v. Bump*, 11th Dist. Ashtabula No. 2010-A-0028, 2011-Ohio-6687, ¶ 42 ("[a] plea of guilty operates as a waiver of any alleged error regarding appellant's motion to suppress").

{¶19} Alternatively, counsel suggests that trial counsel was arguably ineffective by not having Barnard preserve the suppression issue by pleading no contest to the charge in Case No. 2016 CR 00224. Such an argument would have been wholly frivolous, however, inasmuch as by pleading guilty, Barnard has "waive[d] the right to challenge the propriety of any action taken by * * * counsel * * * unless it affected the knowing and voluntary character of the plea," *State v. Davies*, 11th Dist. Lake No. 2008-L-121, 2009-Ohio-2793, ¶ 8 (citation omitted), and the decision whether to accept or reject a no contest plea is discretionary with the court. *State v. Dotson*, 1st Dist. Hamilton No. C-160324, 2017-Ohio-918, ¶ 7 ("[a] trial court has broad discretion to accept or reject a no-contest plea"). Moreover, a plea of no contest would had to have

5

been acceptable to the State as Barnard's plea was part of a negotiated resolution of four pending criminal actions.

{¶20} With respect to Barnard's stipulated sentence, counsel correctly recognizes that it is largely unreviewable. "Once a defendant stipulates that a particular sentence is justified, the sentencing judge need not independently justify the sentence." *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, paragraph three of the syllabus.

{¶21} Finally, counsel for Barnard identifies, as a potential assignment of error, the trial court's calculation of jail time credit. The court awarded Barnard 202 days of jail credit, only applicable to the six-year sentence in Case No. 2016 CR 00126. At the September 26, 2016 sentencing hearing, trial counsel for Barnard argued that the credit should be applied to each consecutive sentence. Such a position is untenable. The Ohio Supreme Court has held: "When a defendant is sentenced to consecutive terms, * * * [j]ail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence." *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 22; *accord State v. Smith*, 11th Dist. Lake No. 2016-L-107, 2017-Ohio-4124, ¶ 14.

{¶22} On November 6, 2017, Barnard filed a pro se Merit Brief Contra to Appellate Counsel's Brief in which he raises the following assignment of error:

> Trial Counsel Provided Ineffective Assistance of Counsel in Violation of the Sixth Amendment to the United States Constitution by failing to file a motion to dismiss the indictment in case number 16 CR 224 for a violation of Appellant's state statutory and federal speedy trial rights, rendering Appellant's plea unknowing, unintelligent, and involuntary.

**{¶23}** Specifically, Barnard argues that he was arrested in Case No. 2016 CR 00224 on March 19, 2016, and held in the county jail until September 26, 2016, "the day Appellant's counsel convinced Appellant to change his plea and to plead guilty." According to Barnard, "[d]uring this period over 300 days of speedy trial time chargeable to the State had accrued under case number 2016-CR-224."

**{¶24}** Initially, we repeat what was stated above, that by entering a guilty plea Barnard has waived the right to challenge trial counsel's effectiveness for not moving for dismissal on speedy trial grounds. *Davies*, 2009-Ohio-2793, ¶ 9 ("[t]he mere fact that, if not for the alleged ineffective assistance of counsel, the defendant would not have entered a guilty plea is *not* sufficient to establish the requisite connection between guilty plea and the ineffective assistance") (citation omitted).

**{¶25}** Regardless, Barnard's argument is wholly frivolous. "A person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest." R.C. 2945.71(C)(2). Accordingly, the State was required to bring Barnard to trial by December 14, 2016.

**{¶26}** Presumably (he does not expressly state as much in his Merit Brief), Barnard believes he is entitled to the triple-count provision of R.C. 2945.71(E) ("each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days"). However, "[t]his 'triple count' provision applies only when the defendant is being held in jail solely on the pending charge, * * * [and] does not apply when a defendant is being held in custody pursuant to other charges." *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶ 7.

**{¶27}** In the present case, Barnard was being held under multiple Indictments prior to the entry of his guilty pleas. In addition to Case No. 2016 CR 00126 in the present appeal, Barnard was under indictment for various drug related felonies in Ashtabula C.P. No. 2015 CR 00400 at the time of his March 19, 2016 arrest. The trial court expressly recognized as much at Barnard's arraignment in Case No. 2016 CR 00224. *See* June 22, 2016 Magistrate's Order ("[t]he Defendant is also being held on other charges").

**{¶28}** Having duly conducted a full examination of all the proceedings in these cases, it is this court's conclusion that the present appeals are wholly frivolous. *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.E.2d 493 (1967).

**{¶29}** The Judgments of the Ashtabula County Court of Common Pleas are affirmed and appellate counsel's Motion for Leave to Withdraw is granted. Costs to be taxed against appellant.

THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.