[Cite as *State v. Hill*, 2021-Ohio-1946.]

COURT OF APPEALS
STATE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | Case No. 2020 CA 00130 |
| DAVIS ANTHONY HILL | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  2019 CR 01338

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      June 9, 2021

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

KYLE L. STONE                       AARON KOVALCHIK
PROSECUTING ATTORNEY                116 Cleveland Avenue, NW
VICKI L. DeSANTIS                   808 Courtyard Centre
ASSISTANT PROSECUTOR                Canton, Ohio  44702
110 Central Plaza South, Suite 510
Canton, Ohio  44702-1413

*Wise, John, J.*

{¶1}   Defendant-Appellant Davis Hill appeals the judgment entered by the Stark County Court of Common Pleas convicting him of one count of Trafficking in Heroin with a major drug offender specification in violation of R.C. 2925.03(A)(2)(C)(6)(g) and R.C. 2941.1410, one count of Possession of Heroin with a major drug offender specification in violation of R.C. 2925.11(A)(C)(6)(f) and R.C. 2941.1410, one count of Trafficking in Fentanyl-Related Compound with a major drug offender specification in violation of R.C. 2925.03(A)(2)(C)(9)(h) and R.C. 2941.1410, one count of Possession of Fentanyl-Related Compound with a major drug offender specification in violation of R.C. 2925.11(A)(C)(11)(g) and R.C. 2941.1410, two counts of Having Weapons While Under Disability in violation of R.C. 2923.13(A)(2), and one count of Aggravated Possession of Drugs in violation of R.C. 2925.11(A)(C)(1)(a) entered on August 14, 2020. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶2}   On August 26, 2019, Appellant was indicted for one count of Trafficking in Heroin with a major drug offender specification in violation of R.C. 292503(A)(2)(C)(6)(g) and R.C. 2941.1410, one count of Possession of Heroin with a major drug offender specification in violation of R.C. 2925.11(A)(C)(6)(f) and R.C. 2941.1410, one count of Trafficking in Fentanyl-Related Compound with a major drug offender specification in violation of R.C. 2925.03(A)(2)(C)(9)(h) and R.C. 2941.1410, one count of Possession of Fentanyl-Related Compound with a major drug offender specification in violation of R.C. 2925.11(A)(C)(11)(g) and R.C. 2941.1410, two counts of Having Weapons While Under

Disability in violation of R.C. 2923.13(A)(2), and one count of Aggravated Possession of Drugs in violation of R.C. 2925.11(A)(C)(1)(a).

**{¶3}**   On July 27, 2019, Appellant entered a plea of not guilty.

**{¶4}**   On January 3, 2020, Appellant filed a Motion to Suppress.

**{¶5}**   On February 6, 2020, the trial court held a hearing on Appellant's Motion to Suppress.

**{¶6}**   On April 22, 2020, the trial court denied Appellant's Motion to Suppress.

**{¶7}**   On April 24, 2020, Appellant filed a Motion for Judicial Release.

**{¶8}**   On April 29, 2020, the trial court denied Appellant's Motion for Judicial Release.

**{¶9}**   On June 8, 2020, new counsel filed a notice of appearance on behalf of Appellant.

**{¶10}**  On July 21, 2020, Appellant filed a second Motion to Suppress.

**{¶11}**  On July 27, 2020, the trial court held a hearing on Appellant's second Motion to Suppress. The trial court overruled Appellant's second Motion to Suppress.

**{¶12}**  After the Suppression Hearing the trial court asked the Appellee to put the State's recommendation on the record. The State's recommendation was for a minimum sentence of sixteen years. This includes a five-year sentence on the specification and eleven to sixteen and a half years on the underlying offenses.

**{¶13}**  On July 28, 2020, the trial court conducted a pretrial hearing for purposes of discussing the Appellee's plea offer. At the hearing, Appellant expressed interest in entering a plea of no contest; however, Appellee objected to Appellant entering a plea of no contest. The trial court indicated that this is not an option. The trial court stated that he

rarely lets a defendant plead no contest. When this occurs it is usually because there is a legitimate legal issue that was undecided in the State of Ohio.

{¶14} On August 5, 2020, Appellant entered a change of plea to guilty.

{¶15} The trial court sentenced Appellant to a total of sixteen to twenty-one and one half years in prison.

## ASSIGNMENTS OF ERROR

{¶16} On September 10, 2020, Appellant filed a notice of appeal. He herein raises the following two Assignments of Error:

{¶17} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DID NOT ALLOW APPELLANT TO ENTER A PLEA OF NO CONTEST.

{¶18} "II. THE TRIAL COURT ERRED WHEN IT IMPOSED A VINDICTIVE SENTENCE UPON APPELLANT."

### I.

{¶19} In Appellant's First Assignment of Error, Appellant argues the trial court erred by refusing to allow Appellant to enter a plea of no contest. We disagree.

{¶20} Crim.R. 11(C)(2) provides in pertinent part: "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest[.]"

{¶21} "A trial court has discretion to accept or reject a no-contest plea. *See* Crim.R. 11(A) (defendant may plead no contest with the consent of the court). *473 The court's decision will not be reversed absent an abuse of discretion. *See State v. Jenkins*, 15 Ohio St.3d 164, 223, 473 N.E.2d 264 (1984)." *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474.

**{¶22}** We review the decision of the trial court, therefore, for an abuse of discretion. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, 1142 (1983).

**{¶23}** A court rejecting any and all no-contest pleas as a matter of course without any consideration to the facts or circumstances of each case constitutes a blanket policy of not accepting no contest pleas. *Beasley* at ¶13. A court's adherence to a blanket policy of not accepting no contest pleas is arbitrary and constitutes an abuse of discretion. *Id.*

**{¶24}** In *Beasley*, the defense attorney summarized the trial court's policy as a blanket policy of not accepting a no contest plea is preventing her client from entering a plea of no contest. *Id.* at ¶3. The trial court judge acknowledged he understood the defense attorney and accepted a plea of guilty from the defendant. *Id.* at ¶3-¶6. The Supreme Court of Ohio reversed the guilty plea concluding, "the trial court erred in adopting a blanket policy of refusing to accept no-contest pleas[.]" *Id.* at ¶17.

**{¶25}** In the case *sub judice*, the trial court prevented Appellant from entering a no contest plea. The trial court made clear that it does permit no contest pleas in certain circumstances, such as when a legitimate legal issue remains in flux. The trial court made note that it looked at the facts and circumstances of the case at bar and determined it would not accept a no contest plea.

**{¶26}** After a review of the record we find the trial court did not abuse its discretion in preventing Appellant from entering a no contest plea.

**{¶27}** Appellant's First Assignment of Error is overruled.

**II.**

**{¶28}** In Appellant's Second Assignment of Error, Appellant argues the trial court imposed a vindictive sentence upon Appellant. We disagree.

**{¶29}** It is well-established "a sentence vindictively imposed on a defendant for exercising his constitutional right to a jury trial is contrary to law." *State v. Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, ¶8, citing *State v. O'Dell*, 45 Ohio St.3d 140, 147, 543 N.E.2d 1220 (1989). When reviewing a sentence for vindictiveness, we begin by presuming the trial court considered the proper sentencing criteria. *Id* at ¶19. We then review the record for evidence of actual vindictiveness on the part of the trial court." *Id.*, citing R.C. 2953.08(G)(2) and *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶1. It is incumbent upon the defendant to prove actual vindictiveness. *Id.* at ¶18, citing *United States v. Wasman*, 468 U.S. 559, 569, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984).

**{¶30}** Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. *See also*, *In re Adoption of Holcomb*, 18 Ohio St.3d 361 (1985). "Where the degree of proof required sustaining an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross* at 477.

**{¶31}** In his statement of facts and Second Assignment of Error, Appellant misstates the State's recommended sentence. In Appellant's Statement of Facts, Appellant says, "the State of Ohio stated on the record that if Appellant wished to enter a

guilty plea as indicted it would recommend a sentence of 11 to 16 and a half years."
Appellant's Brief, 4. In Appellant's Second Assignment of error he states, "it [the State]
would recommend a sentence of 11 to 16 and a half years." Appellant's Brief, 8. These
Statements cite to the transcript of the hearing for Appellant's Motion to Suppress held
on July 27, 2020. After the hearing the trial court asked the State to put their offer for a
guilty plea on the record.

**{¶32}** However, at the Suppression Hearing the State said they would
recommend, "sixteen years minimum at this point, which would be a five-year on the
specification and then the mandatory 11 to technically 16 and a half on the underlying
offense[.]" Supp. Hrng. Tr. at 50.

**{¶33}** On August 5, 2020, Appellant entered a plea of guilty to the indictment. At
the sentencing hearing, the trial court sentenced Appellant to eleven to sixteen and a half
years on the trafficking in fentanyl-related compound charge and an additional five years
for the major drug offender specification which must be served prior to and consecutive
to the trafficking charge. All other sentences were to run concurrent to the trafficking in
fentanyl-related compound charge.

**{¶34}** Upon review of the entire record, we are not convinced that the court's
sentencing, which was in line with the State's recommendation, was based on
vindictiveness rather than on the facts of the case.

{¶35}  Appellant's Second Assignment of Error is overruled.

{¶36}  For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is hereby affirmed.


By: Wise, John, J.

Hoffman, P. J., and

Wise, Earle, J., concur.


JWW/br 0607