[Cite as *State v. Ledger*, 2022-Ohio-3902.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220067 |
| | | TRIAL NO. B-2101521 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| RONALD R. LEDGER, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: November 2, 2022

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Mary Stier,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michael J. Trapp,* for Defendant-Appellant.

**Bock, Judge.**

{¶1} Defendant-appellant Ronald Ledger contests the trial court's rejection of his plea agreement. The state argues that Ledger forfeited any error. We hold that the error was preserved for appeal and that the trial court's adherence to an arbitrary policy of refusing pleas in "these cases" was an abuse of discretion. We reverse the conviction and remand the matter to the trial court for a new plea hearing and to allow Ledger to enter into a plea agreement in accordance with Crim.R. 11.

## I. Facts and Procedure

{¶2} The state indicted Ledger on five counts of illegal use of a minor or impaired person in a nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), and three counts of pandering sexually oriented matters involving a minor in violation of R.C. 2907.322(A)(5).

{¶3} At a hearing, the trial court began the proceeding with an announcement, "And so, Mr. Ledger, your attorney -- I don't allow any plea bargains in these cases, so they wanted to try to get you to go along with dropping some charges, but I don't do that. I don't make any plea bargains and no promises on these cases." Following that announcement, Ledger pleaded guilty to all eight felony charges. The court accepted his pleas and found him guilty of the eight felonies. Ledger received an aggregate 90-month sentence with an accompanying Tier II sex offender designation.

## II. Law and Analysis

{¶4} In a single assignment of error, Ledger challenges the trial court's pronouncement that it did not accept plea agreements in "these cases."

<u>We Review the Trial Court's Decision for an Abuse of Discretion</u>

{¶5} As a threshold matter, we must determine the proper scope of our review. We typically review the trial court's rejection of a plea for an abuse of

discretion. *See State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, ¶ 11, citing *State v. Jenkins*, 15 Ohio St.3d 164, 223, 473 N.E.2d 264 (1984). But the state contends that we should review Ledger's argument for plain error because Ledger allegedly made no attempt to enter a plea agreement at the hearing and failed to protest the trial court's pronouncement. In other words, the state maintains that Ledger failed to preserve the error for appeal. We are not persuaded. First, it is apparent from the record that the trial court was presented with a plea agreement before the hearing—the trial court referenced that agreement at the outset of the hearing. Second, the Ohio Supreme Court's opinion in *State v. Beasley* compels us to hold that the error was sufficiently preserved.

{¶6} Generally, a defendant's "failure to assert a right or object to an error" forfeits a claim on appeal. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 21. Indeed, " ' " 'appellate court[s] will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.' " ' " *Id.*, quoting *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 15, quoting *State v. Awan,* 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986), quoting *State v. Childs,* 14 Ohio St.2d 56, 236 N.E. 545 (1986). For instance, the *Rogers* defendant failed to assert his rights and forfeited an error on appeal when he "fail[ed] to seek the merger of his convictions for allied offenses of similar import in the trial court." *Id.* at ¶ 21. This court may review such a claim on a plain-error basis. *See* Crim.R. 52(B) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.").

{¶7} But error preservation does not require a futile act to preserve a challenge to a trial court's blanket policy of rejecting plea agreements "after the trial court acknowledged on the record that it would have summarily rejected that plea." *Beasley* at ¶ 8 and 16; *see State v. Owens,* 1st Dist. Hamilton No. C-170413, 2018-Ohio-1853, ¶ 11 (applying *Beasley* to hold that an affidavit of indigency is unnecessary to preserve a challenge to the imposition of mandatory fines when the trial court "made clear that the filing of the affidavit of indigency would be of no consequence and a futile act."). And we have held that error preservation does not require a defendant to raise an objection after a plea is rejected under a trial court's blanket policy. *See State v. Dotson,* 1st Dist. Hamilton No. C-160324, 2017-Ohio-918, ¶ 9.

{¶8} The Supreme Court of Ohio's decision in *Beasley* is instructive. There, defense counsel summarized an in-chambers conversation with the judge and prosecutor, where the defendant's attempted no-contest plea was rejected under the trial court's blanket policy "of not accepting no contest pleas under any circumstances." *Beasley,* 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, at ¶ 3. This court held that the *Beasley* defendant forfeited her claim by failing to enter a plea at the hearing. *Id.* at ¶ 7. But the Ohio Supreme Court reversed our decision, holding that the error was sufficiently preserved where "there was no reason to require Beasley to enter a no-contest plea." *Id.* at ¶ 16-17. Like *Beasley*, any attempt by Ledger to submit the plea agreement to the court would have been a futile act because the trial court announced its policy of no "plea bargains and no promises on these cases." Accordingly, Ledger preserved the error.

{¶9} Therefore, we review the trial court's decision to reject the plea agreement for an abuse of discretion—whether that rejection was unreasonable, arbitrary, or unconscionable. *Id.* at ¶ 12, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). A trial court's decision is arbitrary if "made 'without consideration of or regard for facts [or] circumstances.' " *Id.*, quoting *Black's Law Dictionary* 125 (10th Ed.2014). Discretion involves " 'an exercise of will [and] a determination made between competing considerations.' " *State v. Taylor*, 2017-Ohio-4395, 93 N.E.3d 1, ¶ 9 (4th Dist.), quoting *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985). A trial court's " 'blanket refusal' to consider an option before it is a refusal to exercise discretion and 'an abdication of judicial responsibility.' " *State v. Jones*, 2013-Ohio-3559, 996 N.E.2d 569, ¶ 18 (6th Dist.), quoting *State v. Rice*, 180 Ohio App.3d 599, 2009-Ohio-162, 906 N.E.2d 506, ¶ 22 (2d Dist.) (Donovan J., dissenting).

<u>The Trial Court Abused its Discretion</u>

{¶10} Ledger contends that the trial court arbitrarily rejected the plea agreement based on its blanket policy of refusing pleas in child pornography cases and without regard for any facts or circumstances of the case. In response, the state disputes whether the trial court's statement that it did not "allow any plea bargains in these cases" constituted a blanket policy. In particular, the state maintains that the use of the words "these cases" is ambiguous. Furthermore, the state contends that the trial court rejected the plea agreement based on the facts and circumstances of Ledger's case. We disagree with the state and hold that the trial court announced a blanket policy, which dictated its decision to reject the plea.

**{¶11}** A blanket policy exists when a trial court rejects "any and all no-contest pleas as a matter of course without any consideration of the facts or circumstances of each case." *Beasley,* 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, at ¶ 13. That is to say, a blanket policy " 'affects all defendants regardless of their situation.' " *Dotson,* 1st Dist. Hamilton No. C-160324, 2017-Ohio-918, at ¶ 8, quoting *State v. Carter,* 124 Ohio App.3d 423, 428, 706 N.E.2d 409 (2d Dist.1997). In contrast, a plea is not rejected under a blanket policy when the trial court "looked at the facts and circumstances of the case at bar and determined it would not accept a no contest plea." *State v. Hill,* 5th Dist. Stark No. 2020 CA 00130, 2021-Ohio-1946, ¶ 25; *see State v. Harrell,* 9th Dist. Summit Nos. 30104, 30105, 30106, 30107, 30108 and 30109, 2022-Ohio-3217, ¶ 9 (no blanket policy existed where the rejection was "based on [the defendant's] charges and the evidence it anticipated being presented at trial.").

**{¶12}** Here, the trial court categorically rejected any plea agreement based on its policy, which affected all defendants regardless of their circumstances. While the trial court engaged the prosecution in a discussion of the facts of the case later in the hearing, the trial court made clear at the outset of the hearing that its policy with regards to "these cases" controlled its decision to reject the plea agreement.

**{¶13}** The decision to accept or reject a plea is an exercise of discretion, which must be " 'based on the facts and circumstances before it, not on a blanket policy that affects all defendants regardless of their circumstances.' " *State v. Raymond,* 10th Dist. Franklin No. 05AP-1043, 2006-Ohio-3259, ¶ 11, quoting *State v. Graves,* 10th Dist. Franklin No. 98AP-272, 1998 Ohio App. LEXIS 5608, *10 (Nov. 19, 1998). The trial court abused its discretion by adhering to an arbitrary policy of rejecting pleas in "these cases." *See Beasley* at ¶ 13. Therefore, we sustain Ledger's assignment of error.

### III. Conclusion

{¶14} The trial court abused its discretion when it rejected a plea agreement under an arbitrary policy of refusing plea agreements in "these cases." We reverse the judgment of conviction and remand the matter to the trial court for a new plea hearing and to allow Ledger to enter into a new plea agreement in accordance with Crim.R. 11.

Judgment reversed and cause remanded.

**BERGERON, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.