[Cite as *State v. Garcia*, 2018-Ohio-4818.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2018AP060024 |
| ROBERTO HERNANDEZ GARCIA | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING: Criminal appeal from the Tuscarawas County Court of Common Pleas, Case No.2017CR120291

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: December 3, 2018

APPEARANCES:

For Plaintiff-Appellee
AMANDA K. MILLER
Assistant Prosecuting Attorney
125 East High Avenue
New Philadelphia, OH 44663

For Defendant-Appellant
NICOLE R. STEPHEN
Assistant Public Defender
153 North Broadway
New Philadelphia, OH 44663

*Gwin, P.J.*

{¶1} Appellant Roberto Hernandez-Garcia appeals his conviction and sentence after a negotiated guilty plea in the Tuscarawas County Court of Common Pleas.

*Facts and Procedural History*

{¶2} Appellant was charged with one count of Unlawful Sexual Conduct with a Minor in violation of Ohio Revised Code 2907.04(A). Appellant and his 13-year-old victim had at least five sexual encounters resulting in the minor becoming pregnant with appellant's child.

{¶3} Appellant was arraigned, given a personal recognizance bond and was placed on the Court's pre-trial release supervision program. There was no protection order issued, nor was a no contact order between appellant and the 13-year-old victim issued. In fact, appellant continued to live in the home of the victim and her family and support them.

{¶4} Appellant changed his plea to guilty. A presentence investigation was ordered. An evaluation by Melymbrosia Associates was also completed as part of the presentence investigation.

{¶5} After consideration of the statutory factors, the Judge ordered appellant to serve eight months in the Ohio Department of Rehabilitation and Corrections.

*Assignment of Error*

{¶6} Appellant raises one assignment of error,

"I. THE TRIAL COURT ERRED WHEN IT IMPOSED AN EIGHT MONTH

SENTENCE AND THE SENTENCE VIOLATED THE PURPOSES AND

PRINCIPLES OF SENTENCING WHEN THE COURT USED A BLANKET

POLICY WHEN IMPOSING THE SENTENCE."

*Law and Analysis*

**{¶7}** Appellant notes that the trial court told him, after going through all the statutory factors, "I have taken the position that adults that have sex with children go to prison and I am sending you for a term of eight months." (Sent. T., May 29, 2018 at 9). Appellant argues this can be considered a blanket policy of the court. Appellant suggests that this policy violated his constitutional right to due process and rendered his subsequent sentence invalid.

**Standard of Appellate Review.**

**{¶8}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶28.

**{¶9}** Accordingly, pursuant to *Marcum* this Court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that: (1) the record does not support the trial court's findings under relevant statutes, or (2) the sentence is otherwise contrary to law.

**{¶10}** Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."

*Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus. *See also, In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477 120 N.E.2d 118.

### ISSUE FOR APPEAL.

*Whether the trial court properly imposed a prison sentence in appellant's case pursuant to a blanket policy.*

**(1). R.C. 2929.11 and R.C. 2929.12 and non-maximum sentences.**

**{¶11}**   A trial court's imposition of a prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth R.C. 2929.12. *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016–Ohio–5234, ¶ 10, 16; *State v. Taylor,* 5th Dist. Richland No. 17CA29, 2017-Ohio-8996, ¶16.

**{¶12}**   In *State v. Marcum*, the Supreme Court observed,

We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses.  Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court.  That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly

contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

146 Ohio St.3d at ¶ 23, 2016–Ohio–1002, 59 N.E.3d 123.

{¶13} R.C. 2929.11(A) governs the purposes and principles of felony sentencing and provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, which are (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶14} R.C. 2929.12 sets forth the seriousness and recidivism factors for the sentencing court to consider in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. R.C. 2929.12 is a guidance statute that sets forth the seriousness and recidivism criteria that a trial court "shall consider" in fashioning a felony sentence. Subsections (B) and (C) establish the factors indicating whether the offender's conduct is more serious or less serious than conduct normally constituting the offense. These factors include the physical or mental injury suffered by the victim due to the age of the victim; the physical, psychological, or economic harm suffered by the victim; whether the offender's relationship with the victim facilitated the offense; the defendant's prior criminal record; whether the defendant was under a court sanction at the time of the offense; whether the defendant shows any remorse; and any other relevant factors. R.C. 2929.12(B). The court must also consider

any factors indicating the offender's conduct is less serious than conduct normally constituting the offense, including any mitigating factors. R.C. 2929.12(C). Subsections (D) and (E) contain the factors bearing on whether the offender is likely or not likely to commit future crimes.

**{¶15}** In *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, the court discussed the effect of the *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470 decision on felony sentencing. The court stated that in *Foster* the Court severed the judicial-fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶ 1 and ¶ 11, *citing Foster* at ¶ 100, *See also, State v. Payne*, 114 Ohio St.3d 502, 2007–Ohio–4642, 873 N.E.2d 306; *State v. Firouzmandi*, 5th Dist. Licking No. 2006–CA–41, 2006–Ohio–5823.

**{¶16}** "Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." *Kalish* at ¶ 12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes. *Kalish* at ¶ 13, *see also State v. Mathis,* 109 Ohio St.3d 54, 2006–Ohio–855, 846 N.E.2d 1; *State v. Firouzmandi* supra at ¶ 29.

**{¶17}** Thus, post-*Foster,* "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. *State v. Rutter*, 5th Dist. No. 2006–CA–0025, 2006–Ohio–4061; *State v. Delong,*

4th Dist. No. 05CA815, 2006–Ohio–2753 at ¶ 7–8. Therefore, post-*Foster*, trial courts are still required to consider the general guidance factors in their sentencing decisions.

**{¶18}** There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Polick*, 101 Ohio App.3d 428, 431(4th Dist. 1995); *State v. Gant*, 7th Dist. No. 04 MA 252, 2006–Ohio–1469, at ¶ 60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), *citing State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94(1992); *State v. Hughes*, 6th Dist. No. WD–05–024, 2005–Ohio–6405, ¶ 10 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case), *State v. Woods*, 5th Dist. No. 05 CA 46, 2006–Ohio–1342, ¶ 19 ("... R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors") (citations omitted); *State v. Taylor,* 5th Dist. Richland No. 17CA29*,* 2017-Ohio-8996, ¶23.

**{¶19}** In the case at bar, the trial court had the benefit of a pre-sentence investigation report, an assessment from Melymbrosia Associates and the arguments of counsel. The trial court made the following specific findings regarding the seriousness of the offense and the likelihood of recidivism: 1). The injury to the victim was worsened because of the age of the victim, as the victim was age 13 at the time of the offense and the offender was age 21 [R.C. 2929.12(B)(1)]; 2). The victim suffered serious physical harm, as the behavior resulted in pregnancy and childbirth [R.C. 2929.12(B)(2)]; 3). The crime involved approximately five sexual encounters in a car prior to the pregnancy.

When interviewed, the victim stated she had not been touched in her private parts, although she was pregnant during the investigation. She had not talked to the offender in a month. The victim had to be educated on reproduction and she has expressed concern with caring for the child; 4). At the time of the Indictment, the appellant was living with the victim and her family; and they expressed a need for the offender's income; 5). In the interview with Melymbrosia, the appellant reveals that he would have been sanctioned in his own country for this behavior, if caught; 6). The Sex Offender Evaluation opines predatory behavior, as he misrepresents himself, goes to an arena where access to under age people would be readily available, misrepresents himself to his victim, hides his relationship from others, and when ultimately challenged about his activity, appears to misrepresent himself in his responses; 7). The appellant has not been adjudicated delinquent [R.C. 2929.19(E)(1)]; 8). The appellant has no prior criminal convictions [R.C. 2929.19(E)(2)]; 9). The appellant's ORAS score is 3 (low risk); and 10). The victim's parents are not in favor of punishing the offender, and rely on his financial support.

{¶20} The court found recidivism neither more nor less likely. The court concluded that the factors under R.C. 2929.12 increasing seriousness outweigh those decreasing seriousness. The court found that, after considering the factors set forth in R.C. 2929.12, a prison term is consistent with the principles and purposes of sentencing set forth in R.C. 2929.11 and the appellant is not amenable to community control sanctions. Sent. T., May 29, 2018 at 7-9. The trial court selected a term of eight months, from a statutory potential range of 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, or 18 months.

{¶21} Although the trial court's statements concerning its "policy" may be unwise, in the case at bar we find that under the facts of this case, the trial court did not arbitrarily

refuse to consider the facts and circumstances presented. Rather, the record supports that the trial court considered the purposes and principles of sentencing [R.C. 2929.11] as well as the factors that the court must consider when determining an appropriate sentence. [R.C. 2929.12]. The trial court has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.

{¶22} Upon a thorough review, we find the record clearly and convincing supports the sentence imposed by the trial court. We find the trial court properly considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the applicable factors set forth in R.C. 2929.12, along with all other relevant factors and circumstances. While appellant may disagree with the weight given to these factors by the trial judge, appellant's sentence was within the applicable statutory range and therefore, we have no basis for concluding that it is contrary to law.

{¶23} Appellant's sole assignment of error is overruled.

{¶24} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By Gwin, P.J,

Delaney, J., and

Wise, Earle, J., concur