[Cite as *State v. Nickelson*, 2023-Ohio-2105.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | : | Hon. Andrew J. King, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 22-COA-037 |
| ALISSA NICKELSON | : | |
| | : | |
| Defendant-Appellee | : | OPINION |

CHARACTER OF PROCEEDING:     Appeal from the Ashland County Court of
                              Common Pleas, Case No. 21-CRI-162

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       June 26, 2023

APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

CHRISTOPHER R. TUNNELL                  BENJAMIN W. ZUSHIN
Ashland County Prosecutor               3465 South Arliington Road
BY: NADINE HAUPTMAN                      Suite E, 213
Assistant Prosecutor                    Akron, OH 44312
110 Cottage Street. 3rd Floor
Ashland, OH 44805

*Gwin, P.J.*

{¶1} Plaintiff-appellant the State of Ohio appeals from the October 7, 2022 sentencing entry of the Ashland County Court of Common Pleas sentencing defendant-appellee Alissa Nickelson ["Nickelson"] to community control sanctions and reserving a nine-month prison sentence.

*Facts and Procedural History*

{¶2} On August 12, 2021, an Ashland County Grand Jury returned a three-count indictment against Nickelson, a Michigan resident, charging her in: Counts One and Two with Complicity in the Commission of an Offense, in violation of R.C. 2923.03(A)(2) and 2923.03(F), felonies of the second-degree; and Count Three with Falsification, in violation of R.C. 2921.13(A)(3) and 2921.13(F)(1), a misdemeanor of the first degree. Count One alleged Nickelson was complicit in committing the offense of Aggravated Trafficking in Drugs, in violation of R.C. 2925.03(A)(2) and 2925.03(C)(1)(d); and Count Two alleged she was complicit in the offense of Aggravated Possession of Drugs, in violation of R.C. 2925.11(A) and 2925.11 (C)(1)(c). The drug at issue in both counts was Flualprazolam, a Schedule I drug, between five and fifty times the bulk amount.

{¶3} In exchange for Nickelson's guilty plea, the state reduced Count Two to Complicity in the Commission of an Offense, a felony of the third degree. *Waiver of Constitutional Rights and Plea of Guilty,* filed Aug. 23, 2022 [Docket Entry No. 29]; Sent. T. at 17-18. The state further moved to dismiss Counts One and Three of the Indictment. *Judgment Entry,* filed Aug. 23, 2022 at 2. [Docket Entry No. 30]. The trial court accepted Nickelson's change of plea and set the matter for sentencing on September 26, 2022. Id.

**{¶4}** Due to unforeseen medical issues with the judge, a visiting judge was assigned and the sentencing hearing was continued to September 29, 2022. *Judgement Entry,* filed September 22, 2022. [Docket Entry No. 31].

**{¶5}** During the sentencing hearing, the state requested a sentence of incarceration which "could be in a local jail or prison." Sent. T. at 6. The state deferred to the visiting judge's discretion to determine the length of incarceration. Id.

**{¶6}** On September 29, 2022, the trial judge sentenced Nickelson as follows,

Okay. I am going to in this case, because again, I appreciate the Prosecutor's position, and the things that you said, Mike, in terms of the Criminal Rule Agreement that was ultimately entered into and the significance of the Felony of the 3rd Degree as opposed to the Felony of the 4th or 5th Degree in this case.

So, I am going to select from the range of imprisonment, the minimum, nine months but not order you to prison. I am reserving that. You are not going to prison, so you can just take a deeper breath now and understand that.

* * *

So again, the minimum term in prison for a Felony of the 3rd Degree is nine months. I am selecting that minimum, but not ordering you there. I am reserving it or suspending it is a term that you hear.

And I am going to Order one year of supervision.

Sent. T. at 22-23. The trial court advised Nickelson, "Of course you know that a violation could result in your going back to jail or could result in the most draconian sanction that would be going to prison for the nine months that are reserved." Id. at 26.

{¶7} The visiting judge ordered that Nickelson be supervised during the first six months of her probation at a "High ORAS level, with a minimum of one face-to-face contact with [her] supervising officer." *Judgment Entry-Sentencing*, filed Oct. 7, 2022. The remainder of her term was to be supervised at a "Moderate ORAS level with a *minimum* of one face to face contact every three months…." Id. (emphasis in original).

*Assignments of Error*

{¶8} The state raises two Assignments of Error,

{¶9} "I. A SENTENCING COURT ABUSES ITS DISCRETION, AND IMPOSES A SENTENCE THAT IS OTHERWISE CONTRARY TO LAW, WHEN IT FASHIONS [A] SENTENCE PURSUANT TO A BLANKET SENTENCING POLICY BASED ON PERSONAL CONVICTION AND MORAL OPPOSITION TO PRISON AS A SENTENCING OPTION FOR THOSE CONVICTED OF DRUG POSSESSION OFFENSES.

{¶10} "II. [A] SENTENCE THAT IMPOSES BOTH A PRISON TERM AND COMMUNITY CONTROL SANCTIONS, AND FAILS TO OTHERWISE COMPLY WITH R.C. CHAPTER 2929, IS CONTRARY TO LAW."

I.

{¶11} In the state's First Assignment of Error, the state maintains that Nickelson's sentence is contrary to law because the visiting judge followed a blanket policy of not sentencing defendants convicted of drug possession offenses to a term of incarceration.

**Standard of Appellate Review**

{¶12} The state is permitted to appeal as a matter of right a sentence imposed upon a defendant who is convicted of or pleads guilty to a felony if the sentence is contrary to law.  R.C. 2953.08(B)(2).

{¶13} A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial-court record, including any oral or written statements and presentence-investigation reports.  R.C. 2953.08(F)(1) through (4).

{¶14} We review felony sentences using the standard of review set forth in R.C. 2953.08.  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶22; *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31.  R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.  *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶28.  Our standard of review is de novo.  *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 27.

{¶15} The Ohio Supreme Court reviewed the issue of "whether a sentence is "contrary to law" under R.C. 2953.08(G)(2)(b) when an appellate court finds that the record does not support a sentence with respect to R.C. 2929.11 and 2929.12.  *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649.  Although a court imposing a felony sentence must consider the purposes of felony sentencing under R.C. 2929.11 and the sentencing factors under R.C. 2929.12, "neither R.C. 2929.11 nor 2929.12

requires [the] court to make any specific factual findings on the record." Id. at ¶ 20, *citing State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31, and *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶39. The Ohio Supreme Court further elucidated in *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶10, "R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12."

**{¶16}** "'Otherwise contrary to law' means "'in violation of statute or legal regulations at a given time.'" *Jones* at ¶34 *quoting* Black's Law Dictionary 328 (6th Ed. 1990). Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law. Claims that raise these types of issues are therefore reviewable. *State v. Bryant,* 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶22.

### Purposes and Principles of Felony Sentencing - R.C. 2929.11

**{¶17}** R.C. 2929.11(A) governs the purposes and principles of felony sentencing and provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, which are (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. In

order to achieve these purposes and principles, the trial court must consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. R.C. 2929.11(A). Additionally, the sentence "must be commensurate with, and not demeaning to, the seriousness of the offender's conduct and its impact on the victims and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**Seriousness and Recidivism - R.C. 2929.12**

{¶18} R.C. 2929.12 is a guidance statute that sets forth the seriousness and recidivism criteria that a trial court "shall consider" in fashioning a felony sentence. Subsections (B) and (C) establish the factors indicating whether the offender's conduct is more serious or less serious than conduct normally constituting the offense. These factors include the physical or mental injury suffered by the victim due to the age of the victim; the physical, psychological, or economic harm suffered by the victim; whether the offender's relationship with the victim facilitated the offense; the defendant's prior criminal record; whether the defendant was under a court sanction at the time of the offense; whether the defendant shows any remorse; and any other relevant factors. R.C. 2929.12(B). The court must also consider any factors indicating the offender's conduct is less serious than conduct normally constituting the offense, including any mitigating factors. R.C. 2929.12(C). Subsections (D) and (E) contain the factors bearing on whether the offender is likely or not likely to commit future crimes.

**Issue for Appellate Review**: *Whether Nickelson's sentence was imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12.*

{¶19} A "blanket policy" is a policy that is imposed as a matter of course without any consideration of the facts and circumstances of each case. *State v. Beasley,* 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, ¶13. The state argues that the sentence is contrary to law because in a separate case, the trial judge made certain comments on the record.[1] However, we find no evidence in the record of this case that the judge made similar comments. Although a trial court abuses its discretion when it adheres to a blanket policy, that is not what occurred here. *State v. Hill,* Slip Op. No. 2021-0913, 2022-Ohio-4544 (Dec. 20, 2022), ¶16. The visiting judge reviewed the PSI, heard the arguments from the state's attorney, Nickelson's attorney, and from Nickelson. In the case at bar, the state agreed that the factors concerning recidivism contained in R.C. 2929.12(D) and (E) were equally balanced. Sent. T. at 6. The visiting judge noted that Nickelson's Ohio Risk Assessment System score (ORAS) was "really low." Sent. T. at 11. He further noted that Nickelson was amenable to community control. *Judgment Entry-Sentencing,* filed Oct. 7, 2022 at 2. The visiting judge considered the state's position, the fact that the charges were reduced, and that the offense was a felony of the third degree, rather than a felony of the fourth or fifth degree. Sent. T. at 22. Unlike the case cited by the state in which no prison sentence was reserved, in the case at bar the visiting judge reserved a prison sentence in the event Nickelson were to violate her community control sanctions.

---

[1] *State v. Coffman,* 5th Dist. Ashland No. 22-COA-036.

Upon review, we find that the trial court's sentencing on the charge complies with applicable rules and sentencing statutes.

{¶20} Although a trial court's statements concerning its "policy" may be unwise, in the case at bar we find that under the facts of this case, the trial court did not arbitrarily refuse to consider the facts and circumstances presented. *State v. Garcia,* 5th Dist. Tuscarawas No. 2018AP060024, 2018-Ohio-4818, ¶ 21. The record supports that the visiting judge sentenced Nickelson based upon the facts and circumstances before him, not on a blanket policy that affects all defendants regardless of their situation. If we remove the remarks made by the visiting judge, the state can cite to nothing within the record of Nickelson's case that would prohibit any judge from imposing the identical sentence. Here the visiting judge's reasoning is not legally incorrect or untenable and the decision does not reach an end or purpose not justified by reason and the evidence. The decision to impose community control sanctions does not amount to a denial of justice.

{¶21} Upon a thorough review, we find the record clearly and convincingly supports the sentence imposed by the visiting judge. We find the visiting judge properly considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the applicable factors set forth in R.C. 2929.12, along with all other relevant factors and circumstances. Nickelson's sentence was within the applicable statutory range, and within the judge's discretion to impose. Therefore, we have no basis for concluding that it is contrary to law.

{¶22} We hold that the state has not shown that the trial court imposed the sentence based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and R.C. 2929.12.

{¶23} The state's First Assignment of Error is overruled.

II.

{¶24} In the Second Assignment of Error, the state argues the sentence impermissibly consists of both a nine-month prison term (suspended) and community control sanctions - the sentencing court had discretion to do one or the other but not both. [Appellant's Brief at 22]. The state further argues that the visiting judge did not properly impose community control and did not properly transfer Community Control to the State of Michigan.

**Standard of Appellate Review**

{¶25} R.C. 2929.15(A)(1) governs the authority of the trial court to impose conditions of community control. That section provides that when sentencing an offender for a felony, the trial court may impose one or more community sanctions, including residential, nonresidential, and financial sanctions, and any other conditions that it considers "appropriate." The General Assembly has thus granted broad discretion to trial courts in imposing community-control sanctions. We review the trial court's imposition of community-control sanctions under an abuse-of-discretion standard. *State v. Talty,* 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶10. Generally, a court will not be found to have abused its discretion in fashioning a community-control sanction as long as the condition is reasonably related to the probationary goals of doing justice, rehabilitating the offender, and insuring good behavior. Id. at ¶ 12. This means courts must "consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends

of probation."  *State v. Jones*, 49 Ohio St.3d 51, 53, 550 N.E.2d 469(1990).

**Issue for Appellate Review**: *Whether the conditions of Nickelson's community control are reasonably related to the probationary goals of doing justice, rehabilitating the offender, and insuring good behavior*

{¶26}  Terms of incarceration in a community-based correctional facility, a halfway house, or a local jail are called "community residential sanctions," and a court sentencing for a felony is authorized to impose "a term of up to six months in a jail." R.C. 2929.16(A). Local probation, day reporting, house arrest, community service, and curfew are classified as "nonresidential sanctions." R.C. 2929.17 ("the court imposing a sentence for a felony upon an offender who is not required to serve a mandatory prison term may impose any nonresidential sanction or combination of nonresidential sanctions").  Restitution, fines, and costs are "financial sanctions."  R.C. 2929.18(A).  In short, the statutes authorize a broad variety of community-control sanctions, and trial courts are empowered to "impose any other conditions of release under a community control sanction that the court considers appropriate * * *."  R.C. 2929.15(A)(1).  *State v. Amos,* 140 Ohio St.3d 238, 2014-Ohio-3160, 17 N.E.3d 528, ¶11.  The statute makes clear the legislature intended trial courts should have discretion to fashion community-control sentences that punish and protect but do not unnecessarily waste scarce resources.  Id. at ¶ 12.  This statute by its plain terms directs the trial court to conserve resources when possible by imposing a "fine-only" sentence for a felony offense.  Id. at ¶ 13.

{¶27}  The Ohio Supreme Court has stated that "[p]ursuant to  R.C. 2929.19(B)(5) [now R.C. 2929.19(B)(4)],  and  2929.15(B) a trial court sentencing an offender to a community control sanction *must, at the time of the sentencing, notify the offender of the*

*specific prison term that may be imposed for a violation of the conditions of the sanction*, as a prerequisite to imposing a prison term on the offender for a subsequent violation." *State v. Brooks,* 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, paragraph two of the syllabus. (Emphasis added).

**{¶28}** The visiting judge clearly and unequivocally reserved a nine-month prison sentence in the event Nickelson were to violate her community control provisions. Sent. T. at 22-23; 26; *Judgment Entry-Sentencing* at 1-2. The judge's reference to "jail" was in reference to the court's authority to impose a longer time under the same sanction, impose a more restrictive sanction, or impose a prison term for a violation of community control. R.C. 2929.19(B)(4).

**{¶29}** The state clearly indicated that the local probation department, not the trial court, contacts the out of state probation department. Sent. T. at 24. The trial judge acknowledged that until the probation department in Michigan accepts supervision, Nickelson would remain under the supervision of the Ashland County Probation Department. Id. at 24. The visiting judge further directed the local probation department contact the out-of-state probation department to request the transfer. Id. at 25. The visiting judge further noted that, "The Defendant SHALL abide by and follow general rules, regulations and/or special condition recommendations of the Adult Parole Authority, and she shall obey all laws and all orders of the Court." *Judgment Entry-Sentencing* at 3. Further, Nickelson's community control is to be supervised throughout its term.

**{¶30}** R.C. 2929.15(A) authorizes a trial court to require an offender "abide by the law." In addition to requiring an offender to "abide by the law," R.C. 2929.15(A) gives the trial court discretion to "impose any other conditions of release under a

community control sanction that the court considers appropriate, including, but not limited to, requiring that the offender not ingest or be injected with a drug of abuse...."

{¶31} Thus, the state's argument that the visiting judge did not properly impose conditions of community control, or cause a proper transfer of the community control is not supported by the record. [Appellant's brief at 22].

{¶32} We find that the conditions given to Nickelson are not overly broad, are reasonably related to rehabilitating her, have some relationship to the crime of which Nickelson was convicted, and relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation. *State v. Jones*, 49 Ohio St.3d 51, 53, 550 N.E.2d 469(1990). We hold the sentence is not contrary to law.

{¶33} The state's Second Assignment of Error is overruled.

{¶34} The judgment of the Ashland County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

King, J., concur